## SUPREME COURT.

### Matter of NEALLY, a lunatic.

A *guardian or committee* of a *lunatic* appointed under and in pursuance of the laws of *another state,* where the lunatic and guardian reside, cannot be *recognized by our courts,* on an application by the guardian for property belonging to the lunatic in this state.

*Foreign executors and administrators* may apply here for, and receive, *letters testamentary and of administration ;* but our laws have never extended such a privilege to a foreign guardian or committee of a lunatic. Such an appointment can only be made under proceedings instituted in this state to ascertain the fact of lunacy.

*Erie Special Term, January,* 1864.

W. A. MALOY, *for petitioner.*

DANIELS, Justice. A motion was made at the special term held in Erie county in January, 1864, on behalf of Lyman Cook as guardian of James Neally, a lunatic, for an order directing the payment to him of certain moneys to which the lunatic had become entitled under the will of his father. Both the lunatic and the guardian reside in the state of Iowa, where the appointment was made in proceedings instituted in the county court of Des Moines county.

The father of the lunatic died in the county of Cattaraugus, in this state, and the executor of his estate was appointed and resides there. As guardian the applicant derives his authority from the laws of the state in which his appointment was made, and by force of those laws became entitled to the lunatic's property only so far as it was in that state. In the absence of statutory authority other states will not recognize the artificial character thus created, (*Doolittle* agt. *Lewis,* 7 *John. Chy. R.* 45 ; *Story on the Conflict of Laws,* 424.) While the laws of this state empower foreign executors and administrators to apply for, and receive, letters testamentary and of administration,

no such privilege has been extended to the foreign guardian or committee of an insane person. The appointment can only be made under proceedings instituted in this state to ascertain the fact of lunacy. (*Matter of Payn*, 8 *How.* 220.) Even then it is very doubtful whether the foreign guardian or committee could be appointed. For the statute contemplates the residence of the committee to be within the reach of the process of the courts of this state in order to secure the performance of his duties and enforce his obligations to account, (3 *R. S. 5th ed.* 135, §§ 8, 9, 10 ; 136, § 15), which could hardly be done in the case of a non-resident committee.

That the lunatic is a resident of another state is no objection to the issuing and execution of a commission of lunacy. For then it will be executed where it can be done most conveniently for all parties concerned. (2 *Paige*, 174; 2 *John. Chy.* 124.) And the proceedings and determination of the county court in Iowa judicially ascertaining the fact of lunacy, would be sufficient evidence to secure the same result under a commission issued in this state. (*Gillemo's case*, 2 *Vesey*, 587 ; *in the matter of Daniel Perkins*, 2 *John. Ch'y* 124.)

But the rule is not entirely dependent upon those authorities. Under the constitution and laws of the United States, when properly attested, these proceedings are to have the same faith and credit in the courts of other states as they have by law or usage in the courts of the state from whence the records or proceedings are taken. (*U. S. Const. art.* 4, § 1; *U. S. Stat. at Large, vol.* 1, 122.) And insanity when once established is presumed to continue until the contrary is made to appear.

The motion must be denied.