The exclusion of any evidence by the defendant, of the nature of the debt evidenced by the check, unless the defendant would put the check in evidence, it being offered to him by the plaintiff for that purpose, was proper. The condition was in the discretion of the judge, and cannot be reviewed.

It was immaterial whether John Simmons was present at the trial in the district court or not. The defendants there were joint contractors, and, as I have before stated, the judgment was properly in form against both, and would reach their joint property, although no service was made upon one of the defendants. Hence it was proper to exclude all inquiry on that subject.

I have thus briefly reviewed the exceptions taken by the defendant to the admission and rejection of evidence. I cannot find that any of them are well taken, and am therefore of opinion that the judgment and order appealed from should be affirmed.

———♦♦———

## SUPREME COURT.

### STRYKER agt. THE NEW YORK EXCHANGE BANK.

The plaintiff has a right to amend his complaint of course, and without costs, changing the place of trial, *after the service of the answer.*

*New York Special Term, August,* 1864.

THE plaintiff commenced his action by a summons, containing a notice that the complaint would be filed in the county of New York. The defendant having appeared, the plaintiff served the defendant with a complaint, stating the place of trial to be the county of New York. The defendant having answered, the plaintiff served an amended complaint, stating the place of trial to be in the county of Oneida. The defendant now moved to set aside the amended complaint for irregularity.

Stryker agt. The New York Exchange Bank.

A. S. VAN DUZER, *for the motion*,

insisted that the place of trial was fixed by the summons and complaint, and could not be changed except on motion (*Bangs* agt. *Selden*, 13 *How*. 163). The Code (§ 126), expressly provides how the place of trial shall be changed, viz.: " by order of the court." A plaintiff has no more right to change the place of trial by merely amending his complaint than the court would have power at any stage of the cause to change it on a motion to amend, instead of a motion under section 126.

Section 172 has always been regarded with some qualifications and restrictions. (3 *Code R*. 189; 6 *How*. 321; 1 *Code R*. [*N. S.*] 318.)

CHARLES TRACY, *contra*.

The statement of the place of trial is a part of the complaint (*Code*, § 142), and therefore is amendable, of course. The former general rules of court, authorizing amendments, of course are incorporated into the Code (*Rules*, 1790, *No.* 8; 1830, *No.* 23; 1837, *No.* 24; 1847, *No.* 22; *Code*, § 172; *Code of* 1848, § 109). Those rules were held to allow an amendment of the declaration by change of venue (*Wakeman* agt. *Sprague*, 7 *Cowen*, 174, 175, 176; *Hitchcock* agt. *Post*, 1 *Wendell*, 16), and the Code was designed to continue that practice. The notice in the summons of the place where the complaint will be filed was first required in 1849, not being in the original Code of 1848 (§ 109), and this change in the form of the summons does not affect the right to amend the complaint, given by the Code in 1848, and still in force without change. After appearance and answer, the summons is of no importance.

By the court, BARNARD, J. The plaintiff had a right so to amend his complaint, of course, and without costs. Motion denied.