Larremore, J.
The affidavits submitted upon the motion are in direct conflict upon the material issues involved. The question of the exercise of undue advantage over the defendant is set at rest by his own affidavit, and that of his attorney, a reputable and reliable member of the legal profession. The judgment sought to be impeached appears to have been the deliberate result of an intention to subserve the inter- ' ests of all the creditors of the late firm.
It was urged with forcible argument that plaintiff, as between himself and the other creditors, was not an indifferent party, and apprehensions were suggested that he might take advantage of his position to his own benefit. As an officer of the court, controlled and restricted by the order of his appointment, I fail to discover any vantage ground which his present relation to the case affords. He is amenable to the direction of the court and cannot legally dispose of the trust property, except by judicial sanction. No act of his is shown that is subversive of his trust, or that tends to a violation of his official duty. He has entered *95 upon the execution of his trust; and the claims of several of the creditors have been presented and await adjudication by an able, upright and experienced referee. Saltonstall, as a mere creditor, should not be permitted to vacate the judgment of March 7, 1878, without showing fraud or collusion in its recovery. Unless a creditor can, in no case, be appointed a receiver of his debtor’s property, the appointment of plaintiff as such was not necessarily improper or invalid.
The authorities relied upon by the petitioner are not broad enough to sustain his proposition. In Bolles v. Duff (54 Barb. 215), the receiver, who was also a mortgagee in possession of leasehold property, obtained leave to lease to his son-in-law, without disclosing to the court all the information he had or could have had as to the situation and value of the property. In Smith v. New York Consolidated Stage Co. (28 How. Pr. 20), the party proposed had been guilty of a breach of trust or a clear violation of duty. So, also, in People v. Third Avenue Savings Bank (50 Id. 22), the court refused to appoint as receiver the secretary of the bank, who had verified a false statement as to its solvency, and was afterwards named by its directors to wind up its affairs.
In McCardle v. Barney, it appeared that the person named had been a receiver in another suit, representing adverse interests, and in Wilson v. Barney (5 Hun, 257), the receiver proposed was a defendant in two rival actions, and on this account and also on ac count of a possible liability on his part as trustee, and an averment of collusion, he was rejected.
All the current of authority is in the same direction, and leads to the conclusion that a receiver appointed by a court of competent jurisdiction, and in the exercise of its discretion, should not be removed *96 by another judge of the same court, except for valid cause.
The petitioner is not remediless. He can test his rights-as a claimant with the general creditors of the firm, or he may sue the receiver for any specific property belonging to him.
But, while I am not prepared to hold that the plaintiff should be removed from his receivership, because he is a creditor having a common interest with the other creditors of the firm, my conviction is clear, that as a non-resident or temporary resident of the State he would be disqualified. As this question of residence is one of doubt upon the papers submitted, the referee appointed herein is directed to take proof of that fact and report to the court with his opinion thereon. The petitioner, as a creditor of said firm, shall have notice of the hearing before the referee, and his present application is dismissed without prejudice and without costs.