(34 Misc. Rep. 131.)

In re BARTELME.

(Supreme Court, Special Term, New York County. February, 1901.)

COMMITTEE OF INCOMPETENT—APPOINTMENT.

Though, under Code Civ. Proc. § 2326, the court has authority to appoint a nonresident committee or guardian of a nonresident incompetent to take charge of the property of the incompetent within the state, it is discretionary with the court whether to make such appointment or to appoint a resident.

Application by Mary M. Bartelme for the appointment of a committee of Seth Abbott, an incompetent person. Committee appointed.

De Lagnel Berier, for petitioner Mary M. Bartelme.

Butler, Notman, Joline & Mynderse (Arthur H. Van Brunt, of counsel), for Murdock & Abbott, petitioners.

TRUAX, J. This is an application to remove a nonresident, who has heretofore been appointed committee of the property of a nonresident lunatic, and to appoint another nonresident as committee of the property of such lunatic. It is doubtful whether, prior to the passage of section 2326 of the Code of Civil Procedure, this court had the right to appoint a nonresident committee of the property within this state of a nonresident lunatic. The law contemplates that such a committee shall reside within the reach of the process of the courts of this state, in order to secure the performance of his duties and to enforce his obligations to account. See Code Civ. Proc. §§ 2339, 2341, 2342; In re Neally, 26 How. Prac. 402. It has been held in Maryland that a nonresident will not be appointed such committee. Boarman's Case, 2 Bland, 89; Morgan's Case, 3 Bland, 332. See, also, Chamberlain v. Greenleaf, 4 Abb. N. C. 92. Section 2326 of the Code of Civil Procedure provides that, where the person alleged to be incompe-

tent resides without the state and within the United States, and a committee or guardian has been duly appointed pursuant to the laws of the state or territory where he resides, the court may, in its discretion, make an order appointing the foreign committee or guardian the committee of all or of a particular portion of the property of the incompetent person within the state. I am of the opinion that neither the nonresident committee, who has heretofore been appointed in this state, nor the petitioner Bartelme, comes within the provision of this section; the first because he has been removed by the court who appointed him, and the second because the incompetent did not reside within the state at the time Bartelme was appointed conservatrix. It is to be noticed that the section of the Code above referred to says that the court "may," in its discretion, appoint. In view of the conflicting claims made here by the nonresidents, I think it would be better that some resident should be appointed committee of the property; and as the property is now, and has been for years, in the custody of the Farmers' Loan & Trust Company, I appoint that company committee of the property of the incompetent within this state.

Ordered accordingly.