In the Matter of the Application of HOWLAND P. WELLS, Respondent, for the Appointment of a Committee of the Person of EUGENE P. CLARK, an Alleged Incompetent Person, Appellant.

COMMITTEE FOR LUNATIC — WHEN FINDING OF JURY UPON INQUISITION IS INSUFFICIENT TO JUSTIFY APPOINTMENT OF COMMITTEE FOR ALLEGED INCOMPETENT. While a petition and accompanying affidavits, in a proceeding for the appointment of a committee for the person and estate of an alleged incompetent, which allege that the alleged incompetent is "incompetent to manage himself or his affairs, and is of weak

mind and easily worked upon by any persons who obtain a controlling influence over him," are sufficient, under the statute (Code Civ. Pro. §§ 340 and 2327), to call into exercise the jurisdiction of the County Court of the county in which the alleged incompetent resides and to justify the inquiry through a commission, or a trial by jury, into the charges of incompetency and sustain a finding, upon sufficient evidence of the facts alleged in the moving papers, that the alleged incompetent was a lunatic, or of unsound mind, under the definition of the Statutory Construction Law (§ 7), that the term lunacy shall include every kind of unsoundness of mind, except idiocy ; a finding by the jury upon such inquisition, "that the said" incompetent "is an incompetent person and unfit to manage his affairs" and "that such infirmity manifests itself in weakness of mind," is not a sufficient compliance with the statute to warrant the court in further proceeding upon the return of the inquisition; the finding must be so far within the terms of the statute as to leave no doubt that the person has been found to be a lunatic, or of so unsound mind as to be capable of such classification.

*Matter cf Clark,* 77 App. Div. 633, reversed.

(Argued April 28, 1903; decided May 12, 1903.,

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 5, 1902, which affirmed orders of the Ontario County Court appointing a committee of the person and of the property of Eugene P. Clark, an alleged incompetent person.

The facts, so far as material, are stated in the opinion.

*Frederick Collin* and *E. A. Griffith* for appellant. The finding of the jury, "That the said Eugene P. Clark is an incompetent person and unfit to manage his affairs. That such infirmity manifests itself in weakness of mind," is not a compliance with the statute and is insufficient and could not be confirmed by the County Court. (*Matter of Wendel,* 68 N. Y. Supp. 904 ; *Matter of Bishoff,* 80 N. Y. Supp. 918.)

*F. E. Converse* for respondent. The inquisition was sufficient in form to justify the appointment of a committee. (*Hughes* v. *Jones,* 116 N. Y. 67 ; *Matter of Tracy,* 1 Paige Ch. 580 ; *Parsee Merchant's Case,* 11 Abb. [N. S.] 217 ;

*Matter of De Melt*, 27 Hun, 481 ; *Matter of Mason*, 1 Barb. 436 ; *Matter of Rogers*, 9 Abb. [N. C.] 144 ; *Jackson* v. *Jackson*, 37 Hun, 309 ; *Matter of Burr*, 17 Barb. 13 ; *Riggs* v. *A. T. Society*, 95 N. Y. 511 ; *Matter of Williams*, 24 App. Div. 247.)

*Per Curiam.* The application was made to the County Court of Ontario county for the appointment of a committee of the person and estate of Eugene P. Clark. The petition alleges " that the said Clark was incompetent to manage himself or his affairs, and is of weak mind and easily worked upon by any persons who obtain a controlling influence over him," and sets forth other facts respecting him, his property and those who were his heirs at law and next of kin. Accompanying the petition is an affidavit by two persons, who had long known Clark and who stated that " during many years last past the said Clark has been of weak mind ; " that two persons with whom he resided, a man and his wife, had acquired an ascendancy over Clark and had complete control and domination over him. A commission was issued to a commissioner to inquire by a jury into the matters alleged, and testimony was taken. The jurors returned, as the result of the inquisition, " that the said Eugene P. Clark is an incompetent person and unfit to manage his affairs. That such infirmity manifests itself in weakness of mind." They also found other facts, as to alienations by Clark of his property and as to those persons who were his heirs at law and next of kin. A motion to confirm the inquisition and for the appointment of a committee of Clark's property was denied by the County Court; the county judge holding that the finding by the jury was insufficient under the statute. On appeal to the Appellate Division, in the fourth department, the order of the County Court was reversed and the proceedings were remitted to that court to exercise the discretion conferred upon it as to the confirmation of the inquisition and the appointment of a committee. Thereupon, the matter coming again before the County Court, the finding of the jury was confirmed, Clark

was decreed incompetent to manage his affairs "by reason of lunacy," and committees of his property and of his person were appointed. The Appellate Division has affirmed the orders of the County Court and Clark further appeals to this court.

We think there was sufficient in the moving papers to call into exercise the jurisdiction of the County Court and to justify the inquiry, through a commission or a trial by a jury, into the charges against Clark's competency. The jurisdiction of the County Court is conferred by statute and it extends to the "custody of the person and the care of the property, concurrently with the Supreme Court, of a resident of the county who is incompetent to manage his affairs by reason of lunacy, idiocy or habitual drunkenness." (Code Civ. Pro. § 340.) If it presumptively appears to the satisfaction of the court from the petition and the proofs accompanying it, that the case is one of those specified in this title, and that a committee ought in the exercise of a sound discretion to be appointed, the court must inquire into the question of fact in one of the ways prescribed by the statute. (Code Civ. Pro. § 2327.)

But we think that the finding of the jury was not a sufficient compliance with the statute and that it did not warrant the court in further proceeding upon the return of the inquisition. The statute provides that the incompetency alleged must be one "by reason of lunacy, idiocy or habitual drunkenness." Section 7 of the Statutory Construction Law provides that the term lunacy shall include every kind of unsoundness of mind, except idiocy. The evidence was sufficient to have justified a finding by the jury in the words of the statute, to wit: that Clark was a lunatic, or of unsound mind; but the only reason declared for his incompetency and unfitness was his weakness of mind. A person may be of weak mind and, by reason thereof, easily influenced, or dominated by others; so that, in the judgment of men, he ought not to be allowed to manage his affairs; but he would not necessarily be of unsound mind. The Courts of Chancery, in England and in this state, regarded unsoundness of mind as meaning a mental

incapacity and, under the provisions of our present statutes, unsoundness of mind must amount to that; for it is regarded as equivalent to a condition of lunacy.

We think that such a proceeding has too weighty consequences for courts to sustain it; when it is not brought, as the result of the inquisition, so far within the precise terms of the statute as to leave no doubt that the person has been found to be a lunatic, or of so unsound a mind as to be capable of such classification.

The orders of the Appellate Division and of the County Court should, therefore, be reversed and the matter remitted to the County Court for such further proceeding, or trial, upon the application, as that court, in the exercise of its discretion, shall deem proper, under the provisions of section 2327 of the Code of Civil Procedure; without costs to either party.

PARKER, Ch. J., GRAY, O'BRIEN, VANN, CULLEN and WERNER, JJ., concur; BARTLETT, J., absent.

Orders reversed, etc.