(46 Misc. Rep. 46.)

## In re PRESTON.

(Supreme Court, Special Term, Suffolk County. December, 1904.)

1. INQUISITION IN LUNACY—FINDINGS.

    A finding on an inquisition in lunacy that the alleged lunatic is incompetent to manage his own affairs, the incompetency manifesting itself in foolish and irrational conduct, and in a failure to comprehend transactions with which he had been familiar, and in failure to recognize his own handwriting, is equivalent to a finding that he was an imbecile through loss of memory, bringing the case within the jurisdiction conferred on the court by Code Civ. Proc. § 2320.

2. SAME.

    Code Civ. Proc. § 2325, provides that on an inquisition in lunacy the jury shall make finding as to the incompetent's property. Held not to confine the jury in its finding to the sole question of incompetency.

3. SAME—EVIDENCE.

    Evidence in inquisition of lunacy held to sustain finding of incompetency.

In the matter of Jonathan Preston, an alleged incompetent. Motion to confirm inquisition. Granted.

This was the second hearing in the above-entitled matter. A motion to confirm the inquisition taken on the first hearing was denied, and a new hearing ordered. See Matter of Preston, 89 N. Y. Supp. 517, 43 Misc. Rep. 550. The inquisition was signed by 18 of the jurors, and the commissioner concurred therein.

Herbert L. Fordham, for the motion.
Charles R. Lyon (Nathan D. Petty, of counsel), opposed.

SMITH, J. The attorney for the alleged incompetent urges the objection to the confirmation of the inquisition that upon its face it is insufficient, and cites as an authority Matter of Clark, 175 N. Y. 139, 67 N. E. 212. I have examined that case carefully, and I decide that it is not an authority against the validity of the inquisition. In that case the jury found the alleged incompetent "an incompetent person, and unfit to manage his affairs; that such infirmity manifests itself in weakness of mind." The Court of Appeals held that finding insufficient. In this case, following a finding that "Jonathan Preston is incompetent to manage himself or his affairs," is a further

finding that "the incompetency manifests itself in weakness of mind, foolish and irrational conduct concerning business affairs, in a failure to comprehend business transactions with which he had formerly been familiar, and a failure to recognize his own handwriting." These findings are equivalent to a finding in terms that the alleged incompetent had become imbecile through loss of memory or understanding, and such a finding brings the case within the jurisdiction conferred upon the court by section 2320 of the Code of Civil Procedure.

The attorney for the alleged incompetent also urges that the findings of the jury should have been confined to the question whether he was incompetent at the time of the inquiry, as provided by section 2335 of the Code. Section 2325 of the Code provides that there should be stated in the petition upon which the proceedings are instituted the other matters upon which the jury have made findings, namely, "the probable value of the property possessed and owned by the alleged incompetent, and what property has been conveyed during said alleged incompetency, and to whom, and its value, and what consideration was paid for it, if any, or was agreed to be paid." If the jury are not empowered to pass upon these allegations of the petition, it is difficult to determine what is the purpose of providing that such allegations be made. To harmonize the provisions of the Code, these sections must be construed together, and, if so construed, the findings made by the jury are authorized, and properly made. Upon the merits of the inquiry the inquisition should be confirmed. The jury was carefully and impartially selected. The proceedings were conducted with deliberation, and by a very competent and intelligent commissioner, who concurred in the findings of the jury; and the jury had the very great advantage of a personal inspection and examination of the alleged incompetent. The examination of the evidence convinces me that the verdict of the jury is not only justifiable, but that any other conclusion as to the competency of Mr. Preston than that reached by them would be against the weight of evidence, and ought not to be permitted to stand. The expression of opinion by a number of the neighbors of Mr. Preston that his conduct and conversations were rational was no doubt made honestly and in entire good faith, but they are entitled to but little weight in view of some of the facts which appeared beyond dispute upon the hearing. Although accustomed to doing business for many years at his bank in Greenport, Mr. Preston could not properly indorse a check. He failed to recognize Mr. John J. Bartlett on the hearing, although Mr. Bartlett had done business for him for a number of years. He did not recognize the assignments which he made to Miss Sparks of two-thirds of his entire estate. He avowed his belief in the hallucination that his nephew, Mr. Ross, who had been his confidential adviser for years, and Mr. John J. Bartlett, were scheming to take his property from him and to divide it between them. These are all recognized symptoms of senile imbecility, from which the alleged incompetent is undoubtedly suffering. It is the duty of the court, upon the record presented here, to give effect to the finding of the

jury, to the end·that the care of the person and the property of the alleged incompetent may be confided to some suitable person, to the end that he may pass his declining years in peace and quiet, and that his property may be preserved from attempts of designing persons to secure it to themselves by taking advantage of the weakness and imbecility of its owner.

Motion granted.