### In re CURTISS.

(Supreme Court, Appellate Division, First Department. November 19, 1909.)

1. INSANE PERSONS (§ 43\*)—INQUISITION—PROCEEDINGS—NONRESIDENT INCOMPETENT.

.Where an alleged incompetent is a nonresident, and has been adjudged incompetent in the state of his domicile, the court may, in its discretion, follow the procedure specified in Code Civ. Proc. § 2326, authorizing the appointment of a foreign committee; but where the alleged incompetent is not a nonresident, or, being a nonresident, has not been adjudged incompetent in the state of his domicile, or where the court, in its discretion, declines to proceed under section 2326, the proceedings must be had as prescribed in section 2327, by an inquisition for the ascertainment of the fact of incompetency by a commission or a jury; but where an order has been made under section 2326, the procedure prescribed in section 2327 is not applicable.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 68; Dec. Dig. § 43.\*]

2. JUDGMENT (§ 826*)—FOREIGN JUDGMENTS—CONCLUSIVENESS.

While the jurisdiction of a court of limited jurisdiction of a sister state is open to collateral inquiry, yet, where it acquired jurisdiction, full faith and credit must be given to its decrees in another state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1452; Dec. Dig. § 826.*]

3. JUDGMENT (§ 826*) — FOREIGN JUDGMENT — INQUISITION — JURISDICTION OF COURT.

Under the statute of Connecticut, authorizing the probate court to declare incompetency and to appoint conservators of the person and property of incompetent persons, a decree of the probate court of Connecticut, adjudging that a resident thereof, who was within the jurisdiction of the court, and on whom process had been served as permitted by the statutes of Connecticut, is incompetent, is conclusive on the courts of a sister state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1452; Dec. Dig. § 826.*]

4. PLEADING (§ 301*)—VERIFICATION—SUFFICIENCY.

Where every allegation of fact contained in a pleading is stated positively as of the party's own knowledge, a verification that the pleading was true of the party's own knowledge, except as to matters therein stated to be alleged on information and belief, and as to these matters he believed it to be true, was sufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 893–895; Dec. Dig. § 301.*]

5. INSANE PERSONS (§ 43*)—FOREIGN COMMITTEE—INQUISITION—PROCEEDINGS.

Where the verified petition for the appointment of a committee of an alleged foreign incompetent stated a case specified in Code Civ. Proc. tit. 6, §§ 2320–2344, entitled "Proceedings for the Appointment of a Committee of an Incompetent," the omission of an affidavit, independent of the petition, expressly averring that the case is one specified in the Code, is not a jurisdictional defect.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 68; Dec. Dig. § 43.*]

6. INSANE PERSONS (§ 43*)—FOREIGN COMMITTEE—GROUNDS FOR APPOINTMENT —FINDINGS OF FOREIGN COURT.

A finding of the probate court of a sister state, authorized to declare incompetency and appoint conservators, that a person, by reason of intemperance and by means of mental derangement, has become and is incapable of managing her affairs, is equivalent to a finding that such person is incompetent to manage herself or her affairs, in consequence of lunacy and habitual drunkenness, etc., within Code Civ. Proc. § 2326, authorizing the appointment of a foreign committee.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 68; Dec. Dig. § 43.*]

Appeal from Special Term, New York County.

In the matter of the application of Julia M. Curtiss to vacate proceedings against her as an alleged incompetent. From an order vacating an order appointing a committee, the party aggrieved appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Morgan J. O'Brien, for appellant.
L. Laflin Kellogg, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. This is an appeal from an order vacating an order appointing a committee of the property of Julia M. Curtiss, an alleged incompetent. The order thus vacated was entered upon notice to the alleged incompetent, for whom counsel appeared, but did not oppose the granting of the order. The motion to vacate was granted upon the ground that the court had been without jurisdiction to make the order appointing the committee. That order was made under the provision of section 2326, Code of Civil Procedure, reading as follows:

"Where the person alleged to be incompetent resides without the state and a committee, curator or guardian of his property, by whatever name such officer may be designated, has been duly appointed pursuant to the laws of any other state, territory or county where he resides, the court may, in its discretion, make an order appointing the foreign committee, curator or guardian, the committee of all or of a particular portion of the property of the incompetent person, within the state, on his giving such security for the discharge of his trust as the court thinks proper."

This section must be read with sections 2325 and 2327. So read, it will be seen that all proceedings must be commenced by petition under section 2325. When so commenced there are two courses open. If the alleged incompetent is a nonresident, and has been so adjudged in the state of his domicile, the court may, in its discretion, follow the procedure specified in section 2326, as was done in the present case. If the alleged incompetent is not a nonresident, or, being a nonresident, has not been so adjudged in the state of his domicile, or if the court in its discretion declines to proceed under section 2326, proceedings must be had as described in section 2327, and an inquisition be issued for the ascertainment of the fact of incompetency by a commission or a jury. If, however, an order has been made under section 2326, the procedure prescribed in section 2327 is not applicable, for the first words of that section are, "Unless an order is made as prescribed in the last section." The jurisdiction of the court to make the order appointing the committee of the estate of the present alleged incompetent depends upon whether it was sufficiently shown that the alleged incompetent was a nonresident and had been adjudged to be incompetent in the state of her domicile. As proof of these facts there was presented to the court, in addition to the verified petition, a duly certified record of the probate court of Fairfield county, Conn., concerning which the following facts appear:

In July, 1907, a petition was presented to the probate court of Fairfield county, Conn., by Louis H. Morris, a son of the alleged incompetent, setting forth that his mother "by reason of intemperance and mental derangement has become and is incapable of managing her affairs." The petition also stated that the alleged incompetent resided in the district and town of Fairfield, and had property and estate in said town. Upon reading the petition the probate judge issued a citation to the alleged incompetent, which was served in the manner provided by the Connecticut statute, to wit, by leaving an attested copy thereof at the usual place of abode of said incompetent, and a like copy with one of the selectmen of the town. Upon the return day the petitioner appeared, but the alleged incompetent did not appear in person; the order made by the probate judge reciting that the re-

spondent was "represented by counsel and made default of appearance." The probate judge made an order in which he found "that the allegations in said application are true," and appointed Elmore S. Banks, of Fairfield, and John C. Shaw, of New York, conservators for said incompetent. They at once qualified, and on September 23, 1907, presented to the Supreme Court of this state a petition wherein they set forth the proceedings in the probate court in Connecticut and the statutes of Connecticut under which the proceedings had been taken. They alleged that said alleged incompetent resided at Fairfield, in the state of Connecticut, and had resided there for years, and they set forth the names and residence of her next of kin and heirs; her husband being dead. They also stated the nature and amount of her estate in this state, and asked for an order appointing themselves a committee of her property in this state. There was annexed to the petition an attested copy of the proceedings in the probate court in Connecticut. Upon this petition an order to show cause was issued to the alleged incompetent and her eldest son, being the only one of her children who was of full age. This order to show cause was personally served upon the alleged incompetent in Connecticut. On the return day (October 7, 1907) the alleged incompetent was represented by an attorney, who entered an appearance for her, but did not oppose the granting of the order, whereupon an order was made appointing Banks and Shaw the committee of the alleged incompetent's property in this state. On July 9, 1909, the alleged incompetent filed a petition asking for the vacation of the foregoing order, and on August 26, 1909, her application was granted by the order now appealed from.

So far as this court is concerned, the fact that the petition stated positively that the alleged incompetent was a nonresident, and that allegation was not denied, was sufficient to give the court jurisdiction prima facie to entertain the application and to proceed under section 2326, Code of Civil Procedure. Its authority to make an order, however, depended upon proof of the incompetency of Mrs. Curtiss, and the sole proof upon that subject was the record of the proceedings in Connecticut. The probate court of Connecticut being a court of limited jurisdiction, its jurisdiction is open to collateral inquiry. If, however, it be found to have acquired jurisdiction, full faith and credit must be given to its decree. See opinion of Leventritt, J., in Plant v. Harrison, 36 Misc. Rep. 649–676, 74 N. Y. Supp. 411 et seq. It was shown by the Connecticut statute that the probate court is authorized to declare incompetency and to appoint conservators of the person and property of incompetent persons.

The principal question, therefore, in the present case, is whether or not Mrs. Curtiss was a resident of Connecticut. If she was domiciled there, the probate court, having jurisdiction of the subject-matter, acquired jurisdiction of her person by process issued and served as permitted by the statutes of Connecticut, and its finding and decree are conclusive here, and not open to collateral attack. If she was not a resident of Connecticut, neither the court there, nor this court, ever acquired jurisdiction to support the order which was vacated below. On the question of residence we think that the preponderance of per-

suasive evidence is in favor of the contention that the alleged in-competent was, in legal acceptation, a resident of Connecticut. It would serve no useful purpose, and would expand this opinion to an unreasonable length, to review the evidence upon this subject at length. If, as we conclude, she was a resident of Connecticut, the probate court there had jurisdiction, and its decree is conclusive here.

Objection is made to the form of the petition presented to this court, because, as it is said, it is not verified by affidavit to the effect that the facts therein stated are true. Every allegation of fact contained in the petition is stated positively as of the petitioners' own knowledge. The verification is the customary one in use in this state:

"That the foregoing petition is true of his [the petitioner's] own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to these matters he believes it to be true."

There was nothing therein stated to be alleged on information and belief, and consequently the verification was in effect a positive as-severation of the truth of the matters alleged. It is also objected that there is no affidavit, independent of the petition, expressly stating that the case is one of those specified in that title of the Code in which section 2326 is embraced. This omission, if it be considered an omis-sion, is not jurisdictional, if it appears, as it does in this case, from the duly verified petition that it is such a case.

The final objection which it seems necessary to consider is that the finding of the Connecticut court, that Mrs. Curtiss "by reason of in-temperance and mental derangement has become and is incapable of managing her affairs," is not equivalent to a finding that "she is in-competent to manage herself or her affairs in consequence of lunacy, idiocy, habitual drunkenness, or imbecility arising from old age, or loss of memory or understanding, or other causes." The purpose of section 2326 would be quite defeated, if it were made applicable only to for-eign decrees couched in the precise language used in defining incompe-tency in our Code, for it is not to be expected that every state will adopt identical phraseology. All that is necessary is that the finding of incompetency by a foreign court shall substantially describe the same incompetency which by our statute is made a ground for the appoint-ment of a committee. The Code of Civil Procedure permits the ap-pointment of a committee when a person is incompetent to manage his affairs in consequence, among other causes, of habitual drunkenness or lunacy, idiocy, or imbecility arising from any cause. The Connecti-cut decree found Mrs. Curtiss to be "incapable of managing her affairs by reason of intemperance and mental derangement." These words, as we think, aptly describe the condition defined in the Code as that which justifies the appointment of a committee. In re Clark, 175 N. Y. 139, 67 N. E. 212.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs; said costs to be paid to the appellants out of the estate. All concur.