## In re ROLLO.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

INSANE PERSONS (§ 43*)—APPOINTMENT OF COMMITTEE—APPLICATION OF FOREIGN COMMITTEE.

  A resident of England was, by a court of that country, appointed the sole committee of the estate and person of an incompetent, a resident of that country for upward of 10 years. The incompetent owned a large

---

estate invested in stocks and bonds in American companies, which was largely the result of a trust created by a resident of New York. The incompetent, on attaining full age, came to the United States, and after receiving accumulations of income allowed his property to remain in the city of New York, where his father had been engaged in business. *Held*, that under Code Civ. Proc. § 2326, authorizing the appointment of a foreign committee as committee within the state, the court should appoint the foreign committee a committee in the state, on his filing a bond conditioned that none of the property of the incompetent should be removed from the jurisdiction of the court without application thereto.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 68; Dec. Dig. § 43.*]

Appeal from Special Term, New York County.

Application of Bernard Francis Rollo, foreign committee of the estate of Hugh Hamilton Stafford Northcote, an incompetent, for the appointment of a committee in New York. From an order appointing a committee, the applicant appeals. Reversed, and petition granted conditionally.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Stephen H. Olin, of New York City, for appellant.

Henry W. Taft, of New York City, for respondent Fish.

Edmund L. Baylies, of New York City, for respondents Webster and others.

William B. Aitkin, of New York City, for respondent committee.

DOWLING, J. Bernard Francis Rollo, a resident of London, England, was on July 25, 1911, duly appointed, upon proceedings brought in the High Court of Justice in Lunacy, the sole committee of the estate and person of Hugh Hamilton Stafford Northcote, an incompetent, a resident of England for upwards of 10 years. The incompetent is the owner of a large estate invested in American securities and in the keeping of representatives in the city of° New York, and is also interested in the income of certain trust funds here created by Hamilton Fish, deceased, and Hugh Oliver Northcote, deceased. Rollo petitioned the Supreme Court on December 21, 1911, for the appointment as committee within this state of either Hamilton Fish, an uncle of the incompetent, or the petitioner, or some other fit and proper person. He was under the impression then that the committee here would be under his direction and strictly ancillary to the foreign committee, and that he would have some technical control over the New York committee. On discovering that such was not the fact, he made affidavit on February 19, 1912, of the reasons which had led him to suggest the alternative appointment of some one other than himself, and then prayed that he alone be appointed the committee here.

This application has been opposed by the American, as distinguished from the English, next of kin, and is supported by the latter. The desire of the former has been to conserve the estate in this country, and, as it was created largely as the result of trust funds cre-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ated here, that the assets should not be removed abroad. The American next of kin joined in asking for the appointment of Hamilton Fish. The learned court appointed the New York Trust Company and David B. Simpson as a joint committee. There is not the slightest question raised as to the fitness, probity or capacity of any of those proposed as the committee or appointed as such. The American next of kin do not appeal from the appointment of the joint committee and express their satisfaction therewith. The English next of kin admit the qualification of the joint committee. But Rollo appeals from the refusal to appoint him, and no reason has been suggested why he should not have his powers extended, so as to place him in charge of all the property of the incompetent, and thus avoid divided responsibility, and perhaps a clash, in the administration of the estate.

The power of the court, in its discretion, to appoint the foreign committee of an incompetent as the committee of his property within this state, is expressly declared. Section 2326, Code Civil Procedure. We think that this was a case where the discretion should have been exercised in favor of the petitioner. At the same time we realize the propriety of retaining in this jurisdiction the property now here, aggregating $787,000 in par value, made up of stocks and bonds in American companies, and largely the result of a trust created by a resident of this state. When the incompetent became of age, he came to this country, and, after receiving the accumulations of income, allowed his property to still remain in this city, where his father had been engaged in business. This indication of his own desires is not without force.

The order appealed from will therefore be reversed, without costs, and the petition of Bernard Francis Rollo for his appointment as committee will be granted, conditioned upon his filing security as such in the penal sum of $600,000, to be approved by a justice of this court; none of the property of the incompetent to be removed from the jurisdiction of this court without application thereto, and the payments directed by the order to be made to the various parties hereto to stand as approved. All concur.

MILLER, J. I concur, on the ground that, unless the foreign committee was appointed as provided by section 2326 of the Code of Civil Procedure, the court was required to proceed as provided by section 2327. See Matter of Curtiss, 134 App. Div. 547, 119 N. Y. Supp. 1122.