HOTCHKISS, J. Defendant claims to have been a resident of Westhampton since July, 1910. It appears that since 1904 he has lived at Westhampton from May until November in each year. In November, it is his custom to move with his family to New York City, where he rents a house for the season. Since 1903, he has voted at Westhampton at both state and local elections, and he is and for the last ten years past has been assessed for personal taxes in the town of Southhampton, which includes the village of Westhampton. In certain judicial proceedings to which he was a party, he has, within the period last referred to, treated Suffolk as the county of his legal domicile. In 1901 the defendant obtained a writ of certiorari to review his personal assessment in this city for the year 1901. The writ was dismissed, the court holding on the record before it that the defendant was a resident of this city and liable to taxation here. It appeared in the certiorari proceedings that defendant's course of life with respect to his several domiciles in Westhampton and New York City and the period of his use of each was practically the same as appears upon the record before us. It further appeared, however, that the defendant had voted in the city of New York at the election in 1900, and on this ground defendant was held to have elected to consider this city as his place of residence, and so was liable to be assessed here. People ex rel. Beers v. Feitner, 40 Misc. Rep. 368, 82 N. Y. Supp. 258.

I think that inasmuch as defendant has since the period involved in the certiorari proceedings elected to adopt Westhampton as his voting place, and has by other acts shown an unequivocal intention to adopt Westhampton as his legal residence, these facts must be accepted as determinative of his intent, and that the judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.

---

(162 App. Div. 888)

### In re PENFIELD.

(Supreme Court, Appellate Division, Second Department. June 26, 1914.)

1. INSANE PERSONS (§ 33*)—INQUISITIONS—FINDINGS—SUFFICIENCY.

    Under Code Civ. Proc. § 2320, providing that the jurisdiction of the Supreme Court extends to the custody of the person and care of the property of one incompetent to manage himself or his affairs by reason of lunacy, idiocy, habitual drunkenness, or imbecility from age, loss of memory, and understanding, or other cause, a finding of incompetency, without any finding of its cause, will not support the appointment of a committee.

    [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 44–46, 48, 50, 51, 59; Dec. Dig. § 33.*]

2. INSANE PERSONS (§ 33*)—INQUISITIONS—REVIEW.

    Where, in proceedings for the appointment of a committee of the person and property of an alleged incompetent, the Supreme Court appointed a committee of the property of the alleged incompetent, on the jury specifically finding that she was incompetent and incapable of managing her property, but not incapable of managing her person, the matter will be remitted to the Supreme Court for further proceedings.

    [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 44–46, 48, 50, 51, 59; Dec. Dig. § 33.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Westchester County.

Application for the appointment of a committee of the person and property of Susan A. Penfield, an alleged incompetent. From an order denying a motion to set aside an order appointing a committee of the property of the alleged incompetent, her brother appeals. Reversed, and motion to vacate order appointing committee granted, and matter remanded.

Argued before BURR, THOMAS, CARR, RICH, and STAPLE-TON, JJ.

Gerard Roberts, of New York City (Clinton T. Taylor, of White Plains, on the brief), for appellant.

Thomas A. McKennell, of New York City, for Susan A. Penfield.

Mortimer Brenner, of New York City (Leventritt, Cook & Nathan, of New York City, and I. H. Lehman, on the brief), for respondents.

CARR, J. This is an appeal from an order of the Special Term in Westchester county that denied a motion to set aside a previous order made by said court appointing a committee of the property of one Susan A. Penfield. The appellant is the brother of the alleged incompetent. In 1913, he presented a petition to the Supreme Court in Westchester county to procure an order adjudging his sister incompetent to manage her affairs. This petition was accompanied by affidavits of various physicians, and on it an order was made directing a trial of the question of incompetency by jury at one of the Trial Terms of the court. Such a trial was had, and four specific questions were submitted to the jury for answer. The first of them is the one of importance in this controversy. It reads as follows: "Is the said Susan A. Penfield an incompetent person and incapable of governing and managing her property?" which the jury answered, in writing, "Yes." To the fourth question, "Is Susan A. Penfield an incompetent person, incapable of managing her person?" the jury answered, "No." The report of the inquisition by the jury was affirmed at Special Term, and by an order made on June 12, 1913, the County Trust Company of Westchester County was appointed the committee of the property of the alleged incompetent. This motion to set aside the order last mentioned is based upon the ground that the findings of the jury were insufficient to justify the appointment of a committee by the court.

[1] The jurisdiction of the Supreme Court in this matter arises from the declarations and limitations made in section 2320 of the Code of Civil Procedure in language as follows:

"The jurisdiction of the Supreme Court extends to the custody of the person, and the care of the property, of a person incompetent to manage himself or his affairs, in consequence of lunacy, idiocy, habitual drunkenness, or imbecility arising from old age or loss of memory and understanding, or other cause."

To put the contention of the appellant in as brief terms as possible, he argues that the jury did not find that Miss Penfield was incompetent to manage herself or her affairs in consequence of lunacy, idiocy, habitual drunkenness, or imbecility arising from old age or loss

of memory and understanding or other cause. He argues that the words "or other cause" have necessarily relation to the preceding specifications. This contention is supported by the reasoning of Scott, J., in Matter of Curtiss, 134 App. Div. 547, 119 N. Y. Supp. 556, and independently of that authority has a substantial basis in reason. In my judgment, this matter is squarely within the decision of the Court of Appeals in the Matter of Clark, 175 N. Y. 139, 67 N. E. 212. If so, then the court was without power, on the findings of the jury in the form in which they were made, to proceed to the appointment of a committee of the alleged incompetent. The order appealed from should be reversed, and the motion to vacate the order appointing the committee be granted.

[2] I think the same course should be followed here as was pointed out by the Court of Appeals in the Matter of Clark; that is, the entire matter should be remitted to the Supreme Court in Westchester county for such further proceeding or trial as that court in the exercise of its discretion shall deem proper under the provisions of section 2327 of the Code of Civil Procedure.

The order appealed from is therefore reversed, with $10 costs and disbursements, the motion to vacate the order appointing the committee is granted, without costs, and the matter is remitted to the Supreme Court in Westchester county for such further proceeding or trial upon application as that court in the exercise of its discretion shall deem proper under the provisions of section 2327 of the Code of Civil Procedure. All concur.