(89 Misc. Rep. 582)

## In re SAWYER.

### Petition of RICKER.

(Supreme Court, Special Term, New York County. March, 1915.)

INSANE PERSONS &#x2198;43—RESIDENT COMMITTEE—RIGHT TO APPOINT.

    Under Code Civ. Proc. § 2326, a resident committee of the property within the state of an incompetent, judicially declared so without the state may be appointed without an inquisition, under section 2327, where the foreign committee has refused to act.

    [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 68; Dec. Dig. &#x2198;43.]

Application of Elizabeth M. Ricker for an order for the appointment of the Central Trust Company of New York, as committee of the property within the state of Marguerite Sawyer, an incompetent. Application granted.

Lloyd & Maddox, of New York City, for petitioner.

Phœnix Ingraham, of New York City, guardian ad litem.

Joline, Larkin & Rathbone, of New York City, for Central Trust Co., of New York.

COHALAN, J. Application for an order for the appointment of the Central Trust Company of New York as committee of the property within the state of an incompetent, adjudged so without the state. The petitioner is now the committee of the person and the property appointed by a court of competent jurisdiction in the state of Massachusetts.

Section 2326 of the Code of Civil Procedure provides that she may be appointed the committee in this jurisdiction notwithstanding the fact that she is a nonresident. However, she is unwilling to assume that responsibility. The Central Trust Company is not unwilling to accept the appointment, but it has doubt as to the court's power under section 2326 to appoint any one other than the foreign committee, and, further, as to whether the appointment of another person or corporation must proceed under section 2327 under the direction of the court by an inquisition before a jury. I do not think that the objections raised are all-sufficient. The power of the court over property belonging to incompetents within its jurisdiction is broad and inherent. The owner of the property in this proceeding has been judicially declared an incompetent. This is conclusively established by an exemplified copy of a judicial record of a court of proper jurisdiction. This record and the decree which it proves are entitled to full faith and credit in every state of the United States. Matter of Curtiss,

134 App. Div. 551, 119 N. Y. Supp. 556; Matter of Neally, 26 How. Pr. 402.

The status of the incompetent being established, and the decree establishing it being a decree in rem, of which other courts must take cognizance, I am of opinion that there is no need in this court for an inquisition. An inquisition would be a mere empty form and a needless expense, as the fact of incompetence has been already established by a valid judicial record, adequately proved. As the foreign committee has refused to act, section 2326 of the Code of Civil Procedure provides that in such circumstances the court may choose a resident committee. Matter of Bartelme, 34 Misc. Rep. 131, 69 N. Y. Supp. 468. Under the circumstances and on the present papers the motion to appoint the Central Trust Company as committee of the incompetent's property in this state is granted.

Application granted.