EAST END TRUST COMPANY OF THE CITY OF HARRISBURG, PENNSYLVANIA, Respondent, *v.* ANNA OTTEN, Appellant.

(Submitted November 26, 1930; decided January 6, 1931.)

*Raphael H. Weissman* and *Jacob J. Klansky* for appellant. Section 223 of the Banking Law, read together with section 1363 of the Civil Practice Act, does not warrant the appointment by the Supreme Court of the State of New York of a foreign trust company as ancillary

committee of real property situated in this State and belonging to a foreign incompetent. (*Matter of Provident Life Ins. Co.*, 171 N. Y. Supp. 431; *Matter of Rhoades*, 184 App. Div. 658; *Matter of Avery*, 45 Misc. Rep. 529; *Matter of Tiffany*, 179 N. Y. 455; *Matter of Neally*, 26 How. Pr. 402; *Seitz Estates, Inc.*, v. *Seitz*, 226 App. Div. 373; *Chelten Trust Co.* v. *National Automatic Press Co.*, 216 App. Div. 380.)

*Emil Kreis* for respondent. Section 1363 of the Civil Practice Act does not differentiate between individuals and corporate committees, curators or guardians. (*Chelten Trust Co.* v. *National Automatic Press Co.*, 216 App. Div. 380; *Matter of Curtiss*, 134 App. Div. 547; 197 N. Y. 583; *Matter of Fidelity Trust Co.*, 27 Misc. Rep. 118; *Matter of Bartelme*, 34 Misc. Rep. 131; *Matter of Rollo*, 152 App. Div. 165.)

CARDOZO, Ch. J. Submission of a controversy upon agreed facts under Civil Practice Act, section 546.

By a decree of the Court of Common Pleas of Dauphin county, Pennsylvania, plaintiff, a trust company incorporated under the laws of that State, was appointed committee of the property of Minnie Smith, an incompetent.

By an order of the Supreme Court of New York, the trust company was appointed ancillary committee of the property of the incompetent located in this State. Simultaneously with its appointment, the committee submitted a petition for leave to sell and convey an undivided interest in real property in Brooklyn. The petition being granted, a contract of sale followed. The defendant, the assignee of the purchaser, refused to accept the title after receiving the report of a title company refusing to insure it. The objection is that the appointment of a foreign trust company as committee of a lunatic is forbidden by the statute.

Civil Practice Act, section 1363, makes the following provision as to the appointment of an ancillary committee

of the estate of an incompetent: "Where the person alleged to be incompetent resides without the state, and a committee, curator or guardian of his property, by whatever name such officer may be designated, has been duly appointed pursuant to the laws of any other state, territory or country where he resides, the court, in its discretion, may make an order appointing the foreign committee, curator or guardian, the committee of all or of a particular portion of the property of the incompetent person, within the state, on his giving such security for the discharge of his trust as the court thinks proper."

This section is a re-enactment of Code of Civil Procedure, section 2326, which in its substance has been part of the statutory law of the State since 1880 (Laws of 1880, vol. 2, ch. 178, § 2326; Laws of 1898, ch. 294).

Until the adoption of the Code provision, the ruling of the courts had been that a committee would not be appointed by the courts of this State without an independent inquisition into the fact of lunacy, even though lunacy had already been adjudged in the foreign jurisdiction (*Matter of Neally*, 26 How. Pr. 402; *Matter of Payn*, 8 How. Pr. 220, 223; *Matter of Perkins*, 2 Johns. Ch. 124). Doubt was expressed whether the foreign committee would ever be appointed even after a new inquisition and a new finding of lunacy unless such committee was a resident (*Matter of Neally, supra*).

The purpose served by the enactment of section 2326 of the Code was thus the avoidance of the requirement that there be a second inquisition and the concession of power to dispense with the requirement of residence. The section had nothing to do, at least in the purpose of its enactment, with the definition of the powers of banking corporations.

In this state of the law, the Legislature enacted section 223 of the Banking Law (Cons. Laws, ch. 2), which provides as follows: "No corporation other than a trust company organized under the laws of this state shall have or

exercise in this state the power to receive deposits of money, securities or other personal property from any person or corporation in trust, or have or exercise in this state any of the power specified in subdivisions one, four, five, six, seven and eight of section one hundred eighty-five of this article."

Among the powers thus excluded are those conferred upon domestic trust companies by section 185, subdivision 6, " to be appointed and to act under the order or appointment of any court of competent jurisdiction as trustee, guardian, receiver or committee of the estate of a lunatic, idiot, person of unsound mind or habitual drunkard."

We think the conclusion inescapable that section 223 of the Banking Law establishes an exception to the general power of appointment conferred upon the courts by the successive codes of practice (*Matter of Murray Hill Bank*, 153 N. Y. 199, 211). The conclusion is in accord with the rule of construction, repeatedly applied, whereby what is special or particular in the later of two statutes supersedes as an exception whatever in the earlier statute is unlimited or general (*Matter of Murray Hill Bank*, *supra*). This rule of construction, when applied to the case at hand, gives effect to the presumable object of the law as well as to its letter. The Legislature had no thought, in enacting section 2326 of the Code and the equivalent provision in the present practice act, that what it was doing had any bearing upon the exercise of corporate powers by moneyed corporations. Its primary thought was with natural persons and the consequent removal of incapacities dependent upon residence. This is seen in its use of the pronouns " he " and " his " in describing the committee. We do not mean to say that the words so employed, if unrestrained by other statutes, would not be extended by construction to cover persons of every kind, artificial as well as natural (Gen. Constr. Law; Cons. Laws, ch. 22, § 22). Even so, construction will not be pressed to extend the scope of a statute beyond

the letter of its content when the result will be collision with the prohibition of another statute covering by express provision the field of the extension.

Another provision of section 223 of the Banking Law reinforces this conclusion, if reinforcement be required. A clause of that section is to the effect that a foreign trust company may be appointed executor or trustee under a will, provided trust companies of this State are permitted to act as executors or trustees in the State where such foreign corporation had its domicile, and the foreign corporation shall have executed and filed with the Superintendent of Banks a written instrument appointing the Superintendent its true and lawful attorney upon whom process may be served in any action or proceeding affecting the estate and shall have also filed with the Superintendent a copy of its charter. One finds it hard to believe, with all these limitations upon the appointment of an executor, that the appointment of a foreign committee was to be left without safeguard or restriction.

If section 223 of the Banking Law prohibits the appointment, the question suggests itself whether the appointment is void, with the result that a conveyance by the committee is without legal effect, or erroneous and voidable, with the result that the acts of the committee stand till the appointment is revoked. We state the question merely to exclude it from the scope of our decision, for we are relieved of the necessity of deciding it by the stipulation of the parties. The controversy was submitted to the Appellate Division upon an agreed statement which defines the question to be answered. That question is stated to be whether the provisions of the Banking Law prohibit the appointment of a foreign trust company as ancillary committee. If the question is answered in the negative, the stipulation is that there shall be judgment for the plaintiff; if answered in the affirmative, there is to be judgment for the defendant.

The judgment of the Appellate Division should be reversed, and judgment directed in favor of the defendant in accordance with the stipulation, without costs in the Appellate Division or in this court.

POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Judgment accordingly.