Sidney Squire, J.
Claimant moves for an order to examine the State before trial pursuant to section 288 et seq. of the Civil Practice Act, rule 121-a of the Rules of Civil Practice and section 17 of the Court of Claims Act.
The two persons named for examination by claimant are Mr. Elkin Gould and Mr. Joseph Cleary, both employees of the State Department of Public Works. Mr. Gould is an “ associate land and claim adjuster ” and Mr. Cleary a “ senior land and claim adjuster ”.
This is an appropriation claim wherein compensation is sought for about 51.121 acres taken by the said department pursuant to section 30 of the Highway Law and for consequential damages to claimant’s remaining 5.2915 acres in North Hempstead, Nassau County. Claimant’s pleading, verified on June 30, 1955, sought $564,125. Subsequently, on claimant’s motion this court made an order on November 9, 1956, granting permission to increase the ad damnum clause of the claim to $800,000.
*608 Claimant seeks to examine the State as an adverse party upon the following two matters:
1. The inspection of the property which is subject of the claim herein and report pertaining thereto conducted and completed by the State of New York, prior to the appropriation of the property which is the subject of this claim;
2. The appraisal and valuation of the property which is the subject of this claim and report pertaining thereto prepared by the State of New York, prior to the date of the appropriation of the property which is the subject of this claim.
The reading of claimant’s moving papers and brief demonstrates that able counsel has utilized the excellent reasoning and superb language contained in recent opinions of our appellate courts. A number of months ago this court, in A. G. Concrete Breakers, Inc. v. State of New York (M4101) granted a claimant’s motion to examine the City of New York employees before trial under the facts therein although neither the said municipality nor its employees were a party to the litigation. Said opinion (not reported) indicated that the determination was “ due to the special circumstances ’ at bar and in the interest of justice, predicated upon recent enlightened and enlarged procedural liberality to enable attainment of proof of a party’s cause of action ”. Earlier this month (June 14, 1957) the order thereon was unanimously affirmed by the Appellate Division, Third Department (4 A D 2d 739).
This court has repeatedly expressed its high regard for the principles of law enunciated in Public Nat. Bank v. National City Bank (261 N. Y. 316) and Dorros, Inc., v. Dorros Bros. (274 App. Div. 11) and the opinions, text writing and legal articles approving and following the same. However, at bar there are other precepts which cannot be overlooked. Justice and fair play decree that they must be considered despite a court’s instinctive 'desire to grant examinations before trial whenever legally possible.
In opposing this motion, the Attorney-General emphasized ‘‘ that the matters sought by the claimant are confidential and of an investigatory nature and that such information obtained through the investigation by the State for the purpose of adjusting these claims or for the purpose of litigation is an essential part of the work product in the litigation of this matter ” (par. 9 of affidavit of asst, atty.-gen. Matthew A. Campbell). Moreover, continues the same affidavit (par. 11) “ to grant such a motion would seriously prejudice the State in permitting the claimant to use the opinions of experts hired by the State solely for the purpose of ascertaining the reasonable *609 market value of properties appropriated by the State for public use ”.
The potency of this opposition is recognized in the excellent brief of claimant’s trial counsel (a former asst, atty.-gen.), referring to Hickman v. Taylor (329 U. S. 495 [1947]) and Bloodgood v. Lynch (293 N. Y. 308 [1944]) and asserting that claimant “ seeks not to violate the alleged sacredness (sic) of any file of The State of New York and has no desire to obtain in advance of trial the results of the State’s investigations through its experts made in preparation for trial ’ and after commencement of an action. DiLaura v. State, 275 App. Div. 639, 93 N. Y. S. 2d 107 (4th Dept. 1949) ”.
Claimant endeavors to distinguish the situation at bar by stressing that the work of Messrs. Gould and Cleary was performed before the action herein was instituted. Technically, that may be so. However, it is not regarded as a valid legal rejoinder. The work of these State employees is an intrinsic part of an appropriation proceeding preliminary to the filing of legal papers. It is an essential prerequisite performed in the regular course of business and is in effect an integral part of the State’s work preceding and in conjunction with the appropriation. Accordingly, although the items involved relate to work performed prior to the technical date of appropriation herein, the same legal principles should prevail in this type of litigation.
Indeed, here claimant frankly asks for appraisals, valuations and reports. All of these require disclosures of professional opinions on the examination before trial. Such relief would be contrary to the reasoning of the Appellate Division, 4th Department, in Montgomery County Trust Co. v. State of New York (283 App. Div. 1008) although there it was sought to examine the physicians and nurses with respect to matters contained in a hospital record. The language utilized (p. 1009) is particularly apposite at bar: To permit the examination of the physicians and nurses employed by the hospital * * * is to permit examination as to a professional opinion and would require more than a disclosure of matters set forth in the hospital record. It would call for professional opinions which are not proper upon such examination as is allowed here.” This court relied on that determination recently in Dudick v. State of New York (M4315, decided April 26, 1957).
Accordingly this motion is denied as a matter of law. Submit order.