Howard T. Hogan, J.
Proceedings in eminent domain have been instituted by the Town of Hempstead and the County of Nassau.
The claimant has served a notice to examine the “ Town of Hempstead, by its engineer having knowledge of the facts and who will testify for the Town of Hempstead on said issue at the trial ” and to testify “ more specifically as to all the facts and circumstances relied upon, reviewed and contained in his appraisal of engineering costs necessary to be incurred in the development of claimant’s damage parcel so as to make same available for residential use in the future,” and calls for the production at the examination of “ All material and data including, but not limited to, surveys, maps, relied upon, reviewed and rejected by said witness in arriving at his opinion of engineering cost.”
By a separate notice, claimant directs the town to produce one F. Lee Woodley to be examined upon similar items relating to ‘ ‘ his appraisal and findings of value for the damage parcel of claimant, made at the behest of the Town of Hempstead ”. He is also called upon produce “ All sales, leases, engineering surveys and data including, but not limited to, all maps of all nature and description relied upon or reviewed by the witness in the preparation of his appraisal.”
Two similar notices were also served upon the county, one to examine the County Engineer and another to examine Frank Wittman (an appraiser), which notices call for examinations on the exact same subjects as above and for production of the same data with respect to the county taking.
Both the town and the county seek protective orders asserting that claimant is not entitled to the examinations of these experts.
The claimant bases his right to such examination upon CPLR, article 31, and upon section 11-32.0 of the Nassau County Administrative Code (L. 1939, ch. 272, as amd). The latter provides, in part, that: ‘ ‘ The pendency of such an acquisition shall constitute special circumstances which render it proper that the deposition of any person not an owner be taken, pursuant to section two hundred eighty-eight of the civil practice act. Such deposition may be taken upon any question or issue in the acquisition and for the purpose of obtaining testimony as to any sale or lease as described in subdivision a of section 11-35.0 of the code at the instance of the county or of any owner or at the direction of the court at any time after the expiration of the date fixed for filing claims ”. Furthermore, subdivision a of section 11-35.0 of the Code provides in part as follows: “ No *103 such evidence [of comparable sales], however, shall be admissible as to any sale or lease, which shall not have been the subject of an examination before trial, either at the instance of the county or of an owner, unless at least twenty days before the trial the attorney for the party proposing to offer such evidence shall have served a written notice in respect to such sale or lease, which notice shall specify the names and addresses of the parties to the sale or lease, the date of making the same, the location of the premises, the office, liber and page of the record of the same, if recorded, and the purchase price or rent reserved and other material terms, or unless such sale or lease shall have occurred within twenty days before the trial ’ ’.
When the CPLR became effective in 1963, the successor to Civil Practice Act section 288 provided not only a conditional privilege concerning material prepared for litigation (CPLR 3101, subd. [d]), but also an absolute privilege as to the undefined “work product of an attorney” (3101, subd. [c]). These sections provide:
§ 3101
(c) Attorney’s work product. The work product of an attorney shall not be obtainable.
(d) Material prepared for litigation. The following shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship:
1, any opinion of an expert prepared for litigation; and
2. any writing or anything created by or for a party or his agent in preparation for litigation.
An examination of the affidavits herein indicates that the claimant asserts that the privilege does not apply since he is presenting not a request for the expert’s reports and appraisals, but merely the right to ascertain what information was assembled and relied upon or rejected by the experts in preparing their reports. This cannot be sustained, for it is manifest that an opinion is more than an abstract thought and is the product of investigation, computation, experience and reason. If the end result cannot be obtained, the component parts must be similarly protected.
Article 2 of title B of chapter XI of the Nassau County Administrative Code is a specific statute regulating the procedure in land acquisition. The CPLR is a general statute which regulates practice throughout the State and in all cases and proceedings. While the two should be read together, any ambiguity or inconsistency generally must be resolved in favor of the specific statute. (See Papiernick v. City of New York, 202 Misc. 717; *104 East End Trust Co. v. Otten, 255 N. Y. 283; People ex rel. Leet v. Keller, 157 N. Y. 90; People ex rel. Savory, Inc. v. Plunkett, 295 N. Y. 180; Robia Holding Corp. v. Walker, 257 N. Y. 431; Strauch v. Town of Oyster Bay, 263 App. Div. 833.)
The Administrative Code in section 11-35.0 is clear with respect to the two areas sought to be examined herein. The claimant is entitled to ask the following limited questions as expressly stated in the code with respect to each comparable sale:
1. the names and addresses of the parties to the sale or lease;
2. the date of making same;
3. the office, liber and page of the record of the same, if recorded;
4. the purchase price or rent reserved and other material terms.
Subdivision b of section 11-35.0 relates to items such as excavation and fill. It provides not for any examination before trial on these issues but merely that a notice of intention to offer evidence as to these items, together with the particulars as explained in that subdivision, must be served upon the adverse party at least 30 days prior to the trial. At that time, the claimant is also entitled to a true copy of the map or plan or drawing of the excavation or filling or piling.
Outside of the limited permissible questions, the examination of the experts is barred by CPLR 3101 (subd. [d]). It is not necessary to add to the developing body of law which attempts to define the ‘‘ work product of the attorney. ’ ’ The expert opinion of the appraiser and the engineer is not obtainable under CPLR 3101 (subd. [d], par. 2). (See Valley Stream Lawns v. State of New York, 6 Misc 2d 607. See, also, Renewal Prods, v. Kleen-Stik Prods., 43 Misc 2d 644.)
There is nothing in the instant case to indicate that the information sought by the claimant is not available to him through his own investigation. There is no proof of either injustice or undue hardship that would make the material available to the claimant. Once each side is armed with the answers to the above questions, its own experts can evaluate the sales and at the trial each can testify and be cross-examined as to their opinions.
The motions are accordingly denied to the extent that the examinations shall take place at a date and time to be fixed in the order to be entered herein, but are granted to the extent that the said examinations shall be limited to the questions hereinbefore specified.
*105 Naturally, the parties are free to stipulate that the answers may be supplied without the necessity of a formal examination, or through the usual procedures of exchanging comparable sales and other information as provided in the Administrative Code.