# HERKIMER COUNTY COURT.

## IN THE MATTER OF JOHN SHAUL, an alleged lunatic.

To authorize the appointment of a committee of the person and estate of one proceeded against as a *lunatic* or person of *unsound mind*, if he be not a lunatic, the unsoundness of mind is the essential thing, and must be established as an independent proposition, and his incapacity must be the result of such mental unsoundness.

To sustain such proceedings, the fact must be clearly established, that the party proceeded against is of *unsound* mind.

Where an inquisition was found, and the person proceeded against was allowed a traverse, and the traverse jury found a similar verdict against him, whereupon the petitioner moved for the appointment of a committee of his person and estate, and the alleged lunatic moved to dismiss the proceedings on the whole case:

*Held*, that it was the duty of the judge hearing these motions, he having presided at the trial, and heard all the evidence, and having a full and fair opportunity of knowing in a reliable manner, the mental condition of the party in question, to dispose of the whole matter on its merits, and, if the verdict be unsatisfactory, to set it aside, and dismiss the proceedings.

*Trial at the October Term*, 1870.
*Motions heard at the adjourned Term, in November.*
*Decided, December*, 1870.
*Present, Hon.* AMOS H. PRESCOTT, *County Judge.*

A commission in the nature of a writ, *de lunatico inquirendo* was issued in this matter to inquire whether John Shaul was a lunatic or of unsound mind, and mentally incapable of governing himself or managing his affairs, &c., the jury found that he was of unsound mind, though several dissented. The alleged lunatic on a proper application, after an examination by the county judge, was allowed to traverse the inquisition ; and on the trial of the issue in the county court, the jury found a similar verdict.

This is a motion for the appointment of a committee. Counsel for the alleged lunatic appears, and objects to the

appointment of a committee, and moves to dismiss the proceedings upon the ground that the finding of the jury is against the evidence, and contrary to the fact and truth of the case, as appeared upon the trial, and upon the whole case.

The alleged lunatic was examined on the trial before the jury.

GEO, W. SMITH, *for the petitioner.*
J. E. DEWEY, *opposed.*

AMOS H. PRESCOTT, *County Judge.*—I have examined this case with much care, for the reason that it is an important proceeding, affecting the personal rights of an individual as well as his property, and I should not dissent from the finding of the jury if I thought there was any doubt in regard to my duty upon the facts as disclosed, and the well settled rules of law applicable to them.

In the *case of Morgan,* (7 *Paige* 236,) the chancellor used the following language : "It is not every case of mental weakness or imbecility, however, which will authorize this court to exercise the important power of depriving a man of his liberty and of the possession of his property. The constitution has wisely provided that he shall not be deprived of either, except by due course of law; and many cases may arise in which the mind and memory are so far impaired as to afford ground for setting aside an improvident agreement made by a person in that situation upon a bill filed for that purpose ; when this court would not have the power to deprive him of the right to the possession and control of his property, on the supposition that he was a person of unsound mind. To constitute a case of unsoundness of mind which will justify the court in taking the person and property of a free man into its possession, and committing them to the custody of another, his mind must be *so far impaired, that if it had never been*

*elevated above that state of capacity from his birth, it would have constituted a case of idiocy.* But mental imbecility may exist in various degrees between absolute idiocy and the ordinary state of mental capacity, as it exists among mankind in general."

In the *case of Holmes,* (4 *Russ. Rep.,* 187,) Lord LYNDHURST set aside an inquisition which expressly found that the mind of the party proceeded against was so much impaired from old age and paralysis as to render him incompetent to the management of his affairs.

From the foregoing cases, the rule is clearly established, that the party proceeded against must fall within one of the two classes, either idiocy or lunacy, or unsoundness of mind; and the unsoundness of mind must be established as an independent proposition, and is the essential thing and the incapacity is the result of the unsoundness of mind.

In the *case of Mason,* (3 *Edw. Chy.,* 380,) it is held, where the person is proceeded against under the statute of lunacy, if he be not strictly a lunatic or idiot, the inquisition should find him of unsound mind ; and it is not enough to find that he is so far weakened and impaired in the faculties of his mind as to be mentally incapable of the government of himself or the management of his affairs.

It has been held repeatedly, and the authorities establish beyond question, that in order to sustain proceedings of this character, the fact must be clear that the party proceeded against is of unsound mind.

In this case, the jury has found that the individual in question, is of unsound mind, and so far as the finding of the jury is concerned, there is no difficulty in sustaining these proceedings. But it is urged in opposition to these proceedings that inasmuch as the county judge presided at the trial, heard all the evidence and allegations of the parties, and had a full and fair opportunity of knowing in a reliable manner, the mental condition of the individual in question, the court in disposing of the case, should decide

In the matter of Shaul.

it on its merits, and should set aside the proceedings if the same are not satisfactory. There is no doubt but that is the rule applicable to this class of cases. It is the duty of the court to apply the legal principles that exist and have been well established, and if it believes that the finding of the inquisition is erroneous in fact, the same should be set aside.

On the traverse of the inquisition, a large number of witnesses were examined, and among them, quite a number of physicians, and all of them except one or two, testify without hesitation, that the mind of Mr. Shaul, the alleged lunatic is sound; and among the number are those physicians who have attended him, and have known him the longest, and been the most familiar with him. The individual in question is a man about eighty years of age, he has all his life been a farmer, and has resided since his marriage on his farm where he now resides, he has raised quite a large family, and some of the children have always been at home, and one of his sons now resides with him, and manages the business appertaining to the farm.

The allegation urged with the most force in the present case in behalf of the petitioner is, that an indebtedness exists and has accumulated and that but little is known by the witnesses in regard to its extent. It was not shown in the case when or how this indebtedness arose. It is but a few years ago that other members of the family lived at home, and had the general management of his affairs. So far as the facts in the case are disclosed, this indebtedness existed then, and there was nothing unusual in regard to it. There is no evidence in the case, showing that the indebtedness has recently increased any more than would be expected by the accumulation of interest. There is no evidence as to the amount of the indebtedness at the time when the alleged unsoundness of mind first existed. There is no evidence in the case, showing that foolish or improvident contracts have been made by any one, and I fail

·to find any evidence or any fact showing unsoundness of mind in the sense in which it must exist to authorize these proceedings according to the adjudged cases. The fact, that an individual owes a large sum of money, amounts to but little, unless there is something connected with it showing idiocy, lunacy or unsoundness of mind.

It appears, quite clearly, that the petitioner, a maiden lady and a daughter over fifty years of age, had generally resided at home, and had been well treated, until not a long time prior to the time of instituting these proceedings, she had a difficulty with her father, and ill feeling was engendered, and a law suit grew out of transactions connected with her proceedings. It seems no fault was found by her until she failed to induce her father to do as she desired in regard to his household affairs.

I have carefully examined the alleged lunatic, on one occasion prior to the traverse of the inquisition, and from that examination and from all the evidence in the case, especially that which was given on the trial by the alleged lunatic himself, I am fully satisfied that the case is not that of an idiot, lunatic, or a person of unsound mind.; but that it is a case simply of an old man over eighty years of age whose faculties have become somewhat impaired in consequence of age and infirmity, yet I believe, that he possesses still, as much mental capacity as will be found in the average cases of men at that age, if not more. There can nothing be claimed in the case showing lunacy, or un-. soundness of mind in my judgment, except so far as his capacity has been weakened in consequence of age. He is not an idiot, certainly not in the sense necessary to make these proceedings applicable. I think he possesses much vigor of mind now, for a man of his years and education. He has arrived at a period of life when health and strength and activity have become so much impaired in consequence of age, that he seeks that rest and retirement from business which is usual in cases of old people. A son of his own

In the matter of Shaul.

choice conducts and manages the business, and lives in the family. This is not unusual; and there is no evidence in the case, but that the affairs are as well managed as could be expected. It is not a question whether another could manage better and make more money. The question is, is the individual in question, an idiot, lunatic, or "person of unsound mind so that," &c. If not, the law gives him the possession and control of his property and his personal freedom.

I have, after careful deliberation, come to the conclusion to refuse the order for the appointment of a commitee, and I direct that an order to that effect be entered, and that all the proceedings in the case be and the same are hereby dismissed.

Ordered accordingly.