Matter of MARY A. MILCHSACK, an Alleged Incompetent.

(County Court, Kings County, May, 1904.)

**Application to appoint a committee of an incompetent person — Merits when not triable upon the affidavits.**

> Where it appears from the allegations of the petition, and accompanying affidavits, presented upon an application for the appointment of a committee of the property of a person upon the ground of her incompetency to manage her affairs, that the court has jurisdiction of the person and of the matter and that the allegations, if true, would presumably require the appointment of a committee, the court should not hear the merits on the affidavits but must send the matter to a commission or a jury, and this although, upon all the affidavits of both sides, the court be of opinion that, if such were the evidence given upon the hearing of the proceeding, it should be dismissed or the finding of incompetency be set aside.

APPLICATION for the appointment of a committee of the property of an alleged incompetent.

James W. Ridgway, for petition.

Charles H. Edgar and David F. Manning, in opposition.

CRANE, J.  The petition alleges the incompetency of Mary A. Milchsack to manage her affairs, and prays that a committee may be appointed of her property.

The application is bitterly opposed by numerous affidavits tending to show, not only that the said Mary A. Milchsack is competent and sane, but that she has always been so considered by those who now allege her to be incompetent.

The alleged incompetent, Mary A. Milchsack, lives in Pennsylvania with her husband, but while temporarily in Brooklyn was served with the papers in this matter, the petition for the appointment of a committee being made by a brother residing in this county.

The petition and accompanying affidavits by her brothers and sisters allege that Mary A. Milchsack is childish, suffers

from loss of memory and is suffering from cerebro-spinal sclerosis, has ceased to be of sound mind and is unable to take care of her person. One or two instances are alleged showing some loss of memory.

Numerous affidavits have been introduced in opposition which show that Mary A. Milchsack has been transacting business in a rational way during the past year; that recently and within the past six months the persons who make affidavits against her transacted business with her; that she, being interested in the estate of her father and of Mary J. Sproule, these brothers and sisters procured from her written consents and other papers in which they were directly or indirectly interested and it was not till all these matters apparently were closed that they make application to have her declared incompetent.

I must say that, if the substance of the affidavits was before me in the form of testimony given on a hearing before a jury, I would either dismiss the proceeding or set aside the verdict of a jury should they declare Mary A. Milchsack incompetent.

But the question arises as to whether the incompetency of Mary A. Milchsack can be tried out in the first instance before me upon the affidavits.

Section 2327 of the Code of Civil Procedure says that, if it presumptively appears, to the satisfaction of the court, *from the petition* and the *proofs* accompanying it, that the case is one of those specified in the title, the matter *must* be sent to a jury or commission for hearing; in other words, does the same question present itself upon the application and opposing affidavits as it does upon all the testimony given upon a hearing? Or, is it the law that, where the allegations in the *petition* and *accompanying affidavits* are such that, if true, it would presumptively appear that a commission ought to be appointed, then the matter ought to be sent to a jury for trial?

My better opinion is that the latter is the law, and that where it appears from the petition and affidavits that the court has jurisdiction of the person and of the matter and that the allegations if true would presumptively require the appointment of a committee, the court should not

hear the merits of the case upon affidavits, but send the matter to a jury or commission, although, upon all the affidavits, for and against, the court be of opinion that if such were the evidence given upon the hearing the proceedings should be dismissed or the finding of incompetency set aside.

I do not think that the petitioners are bound to allege all their evidence, but only sufficient to presumptively show a case within the provisions of the Code.

Upon the affidavits themselves, the attitude and position of the petitioners, the brothers and sisters of Mary A. Milchsack, seem to be unexplainable. They procured from her legal documents, consents, writings and waivers, in all of which they were more or less interested, and then subsequently allege that during all this time she was incompetent to manage her affairs. This, however, can be explained or dealt with upon the hearing, and I take it that, in a proceeding like this, if it is found that it is brought without proper foundation or through malice, a way is afforded by the law to the alleged incompetent to seek damages therefor.

For the reasons above stated; and simply because I pass upon this question as a matter of law, the allegations being sufficient, and because I believe I should not now examine into the facts or the truth of the allegations, I grant the application to have issues framed for a trial by jury.

As the opposing counsel are firmly convinced that the law is not as I state it and that I may pass upon the merits of the application in the first instance, I will grant them a stay, pending appeal to the Appellate Division, if they desire to have this question reviewed by that court.

I can find no authority directly upon the question, except that the cases of Matter of Clarke, 175 N. Y. 142, and Matter of Beach, 23 App. Div. 411, would indicate that my attitude in this matter is the correct one.

Petition denied.