## In re BURKE

(Supreme Court, Appellate Division, First Department.   May 22, 1908.)

1. INSANE PERSONS—INQUISITION—PARTIES.

Under Code Civ. Proc. § 2323, relating to the appointment of a committee of the person and property of a lunatic, etc., and providing that the application for the appointment of such a committee must be made by petition, which may be presented by any person, a distant relative and heir at law of an alleged incompetent, though not even one of his next of kin, and who was a nonresident of the state and never enjoyed any close intimacy with such incompetent, except that he once extended her aid in taking a normal course, had the right to present such a petition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Insane Persons, § 48.]

2. SAME—DISCRETION OF COURT.

Under Code Civ. Proc. § 2327, relating to the appointment of a committee of the person and property of a lunatic, etc., and making it the duty of the court to which a petition for such appointment has been presented to either issue a commission or direct the questions of fact to be tried before a jury, if it presumptively appears to the satisfaction of the court, from the petition and the proofs accompanying it, that the case is one of a person incompetent to manage his affairs, and that a committee ought in the exercise of a sound discretion to be appointed, not every case of mental weakness or impaired intellectual power will justify the court in exercising the power; for, even where incompetency exists, the situation and surroundings of the incompetent may be such that there is no necessity for the appointment of a committee, and the phrase "to the sound discretion of the court" indicates the necessity for especial care in a proceeding calculated to deprive a citizen, not only of the possession of his property, but also of his personal liberty.

3. SAME—REVIEW.

The discretion specified in Code Civ. Proc. § 2327, is the discretion of the Supreme Court, and not of any one part or term thereof; and so, when an appeal from a discretionary order is brought up to the Appellate Division, the party appealing is entitled to have the order reviewed, and a refusal to entertain the appeal and to pass upon its merits, merely because it involves the question of discretion, would be error.

4. SAME—NOTICE.

Code Civ. Proc. § 2325, provides that in all cases the court must require notice to be given of the presentation of a petition in lunacy pro-

ceedings to the husband or wife of the alleged lunatic, or to one or more relatives, or to an officer specified, unless sufficient reasons are shown for dispensing with such notice. *Held*, that it is also necessary, in general, that personal and written notice be given to the alleged incompetent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Insane Persons, § 51.]

5. SAME—CONDUCT OF HEARING.

Code Civ. Proc. § 2327, relating to the appointment of a committee of the person and property of a lunatic, etc., requires the court to act upon the petition "and the proofs accompanying it." Section 2325 requires notice of the application to be given to the husband or wife, if any, or to one or more relatives of the alleged incompetent, etc., unless sufficient reasons are shown for dispensing with such notice. It is also necessary that notice be given such incompetent. *Held*, that the justice at Special Term was not precluded from considering anything except the petition and the affidavits submitted in its support, since it would be an idle form to give notice to the persons specified in section 2325, if they were not to be heard in response to the petition.

6. SAME—DISCRETION OF COURT.

In a proceeding under Code Civ. Proc. § 2320 et seq., relating to the appointment of a committee of the person and property of a lunatic, etc., and providing that such appointment be made only in the sound discretion of the court, it was shown that the alleged lunatic was a very old man, who had conveyed his considerable estate to found a charitable organization, but had so disposed of it as to assure himself of a sufficient income during his life; that he was passing his declining years in the surroundings and companionship which he had chosen for himself when a much younger man; that he was apparently well taken care of and comfortable; that his income was not being misspent or wasted; that he had no relatives whatever; and that his mental trouble was merely senile debility. *Held*, that an order directing the issuance of a commission de lunatico inquirendo was not a wise exercise of the discretion vested in the court.

Appeal from Special Term.

In the matter of John Masterson Burke, an alleged incompetent person. From an order directing the issuance of a commission de lunatico inquirendo, defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

John M. Bowers, for appellant.
Howard S. Gans, for respondent.

SCOTT, J. This is an appeal from an order of the Special Term directing that a commission de lunatico inquirendo issue to inquire into the mental capacity of the appellant, John Masterson Burke. The proceeding is prosecuted under the Code of Civil Procedure (section 2320 et seq.); that petitioner being a distant relative of the appellant, and not even one of his next of kin, although she is one of 14 heirs at law. She is a nonresident of the state, and does not appear to have ever enjoyed any close intimacy with the appellant, except that some 10 years ago he extended her aid in taking a normal course to improve her position as a teacher. Under section 2323, any person, even a stranger, may present a petition for the issuance of a commission to inquire into the mental condition of an alleged incompetent, and the petitioner in this matter was there-

fore entitled to present her petition as she has done. By section 2327
it is made the duty of the court to which such a petition has been
presented to either issue a commission or direct the questions of fact
to be tried before a jury, if it presumptively appears to the satisfaction
of the court, from the petition and the proofs accompanying it, that
the case is one of a person incompetent to manage himself or his
affairs, and that a committee ought, in the exercise of a sound discre-
tion, to be appointed.

It is to be observed that, in order to justify the issuance of a
commission, two things must presumptively appear to the satis-
faction of the court: First, that the person proceeded against is in-
competent; and, secondly, that a committee ought, in the exercise of
a sound discretion, to be appointed. It is not sufficient that incompe-
tency alone is established; for it may well be, even where incompe-
tency exists, that the situation and surroundings of the incompetent
are such that no necessity exists for the appointment of a committee,
and that no good purpose would be served thereby. Whether such a
committee should be appointed is therefore left, not merely to the
discretion, but to the sound discretion, of the court, a phrase in-
dicating the necessity for especial care in the exercise of this dis-
cretion in a proceeding calculated to deprive a citizen, not only of
the possession of his property, but also of his personal liberty; and
it is by no means true that every case of mental weakness or impaired
intellectual power will justify the court in exercising the power
vested in its sound discretion. Matter of Morgan, 7 Paige 236; Mat-
ter of Shaul, 40 How. Prac. 204; Matter of Clark, 175 N. Y. 139,
67 N. E. 212.

The Special Term deemed the present case one in which the dis-
cretionary power of the court ought to be exercised, and it is sug-
gested that, since the granting of the order rested in its discretion,
we should not review it. The discretion specified in the Code is, how-
ever, the discretion of the Supreme Court, and not of any one part
or term thereof (Lawson v. Hilton, 69 App. Div. 303, 85 N. Y.
Supp. 863), and, when an appeal from a discretionary order is brought
up to this branch of the court, the party appealing is entitled to
have the order reviewed, and a refusal to entertain the appeal and
to pass upon its merits, merely because it involved a question of dis-
cretion, would be error (Hanover Fire Ins. Co. v. Tomlinson, 58 N.
Y. 215; Jemison v. Citizens' Saving Bank, 85 N. Y. 546; Bas-
sett v. French, 155 N. Y. 46, 49 N. E. 325).

The learned justice before when this application came at Special
Term considered that he was precluded from considering anything
except the petition and the affidavits submitted in its support. With
this view we are unable to concur. The Code (section 2327) re-
quires the court to act upon the petition "and the proofs accompany-
ing it"; but this should not be limited to the petition and the proofs
supporting it. Section 2325 requires notice of the application to
be given to the husband or wife, if any, or to one or more relatives
of the alleged incompetent, unless sufficient reasons, which should
be strong ones, are shown to exist for dispensing with such notice;
and, although the statute does not so state, it is also necessary that

personal and written notice shall, in general, be given to the alleg-
ed incompetent. Matter of Blewitt, 131 N. Y. 541, 30 N. E. 587.
It would be an idle form to give notice to the persons thus specified,
if they were not to be heard in response to the petition; and when
the serious responsibility is cast upon the court of determining wheth-
er or not a person should be deprived of his liberty and of the con-
trol of his property, no assistance should be refused, from those
entitled to be heard, which will aid the court in exercising its sound
discretion. Keeping in mind these general principles it becomes our
duty to consider whether or not the granting of the order appealed
from was a wise exercise of the discretion vested in the court.

The appellant is a very old man, 95 years of age. He resides, and
has resided for more than 20 years, in a home owned by him in this
city where he is cared for by a housekeeper who has been a member
of his household for a number of years, by a maidservant, and by a
male nurse. The only direct evidence as to his mental condition is
that given by the petitioner, who visited him at his home, and from
whose deposition it may be inferred that he is suffering from senile
debility, and exhibits such dullness of memory and intellect and such
physical disability as is found not infrequently in persons of very
advanced age. He is unmarried, and has no children or near rela-
tives, or, so far as appears, any relatives whom he is bound by any
ties to support. There is absolutely nothing to show that he is not
well cared for and comfortable. So far as his personal condition and
surroundings are concerned, there is nothing whatever from which
it may be inferred that any change is desirable, or that the interven-
tion of a committee is necessary. So far as concerns his property, it
appears that in the year 1902 he conveyed his considerable estate to
himself and four very well known and highly competent trustees by
a deed of trust for the purpose of founding a charitable organiza-
tion, with the proviso that he should receive the income of the prop-
erty during his life and that none of the property should be sold
or conveyed during his lifetime without his consent. By this means
he not only provided for the ultimate establishment of a worthy char-
ity, but relieved himself of all care and responsibility with respect
to the management of the property, while at the same time he as-
sured himself of a sufficient income for his needs. It requires, there-
fore, no committee to care for his property, and there is no sugges-
tion that his income is wasted or misapplied.

We have presented, therefore, the case of an old man who has
so disposed of his property as to assure himself that it will be de-
voted to the purpose to which he desires it to be put, who has re-
lieved himself of its care and yet has assured a sufficient income
while he lives, who is passing his declining years in the surroundings
and companionship which he chose for himself while he was yet a
much younger man, who is apparently well cared for and com-
fortable, and whose income is not even alleged to be misspent or wast-
ed. In our opinion, upon this state of affairs, it would not be the ex-
ercise of a sound discretion to disturb the peaceful serenity of this
carefully planned and comfortably spent old age, and no necessity is

shown for further inquiry into the appellant's mental condition, or for the appointment of a committee.

The order appealed from must therefore be reversed, but, since the petitioner was probably actuated by no improper motive, without costs. All concur.