Matter of MARY A. ROBERTS, an Alleged Incompetent Person.

(County Court, Otsego County, July, 1909.)

Insane persons — Inquisition — Nature and form of petition — Sufficiency of allegations as to incompetency.

> Where the petition and accompanying affidavits, in a proceeding for the appointment of a committee of the estate of an alleged incompetent, allege that she is of the age of ninety-two years, is weak in mind and body and so far deprived of reason and understanding as to be unfit to care for herself or manage her affairs and that her eyesight has become impaired, her memory is not good and she is very easily persuaded, it is the duty of the County Court of the county in which she resides to issue a commission to inquire into the question of her imbecility.

APPLICATION for the appointment of a committee of the person and property of an alleged incompetent person.

Gibbs, Wilber & Gibbs, for petitioner.

W. H. Johnson, for Mary A. Roberts, opposed.

KELLOGG, J. This is an application for the appointment of a committee of the person and property of Mary A. Roberts, or that a commission issue out of this court to inquire into the question of the alleged imbecility of said Mary A. Roberts.

It would appear that the sole question to be determined here is as to whether it presumptively appears to the satisfaction of the court, from the petition and proofs accompanying it, that a committee ought, in the exercise of sound discretion, to be appointed over the person and property of the said Mary A. Roberts. If it does so appear from the papers presented, it is mandatory that one of two things shall be done: (1) that a commission issue, as prescribed in section 2328 of the Code, to one or more satisfactory persons designated in the order; or (2) that the question of fact arising upon the competency of the person be tried by a jury at a trial term of the court. Code Civ. Pro. § 2327.

In response to the petition, no assistance should be refused, from those entitled to be heard, which will aid the court in exercising its sound discretion. Matter of Burke, 125 App. Div. 891, 892.

Where the only evidence as to the mental condition of the alleged incompetent is that given by the petitioner, who visited him at his home and from whose deposition *it may be inferred* that he is suffering from senile debility, and exhibits dullness of memory and intellect, and such physical disability as is found not infrequently in persons of very advanced age, it does not presumptively appear that a committee should be appointed; hence, a court, in its sound discretion, should dismiss the application. Matter of Burke, 125 App. Div. 889.

The court should not hear the merits on affidavits, but must send the matter to a commission or a jury, and this, although upon all the affidavits on both sides, the court be of the opinion that, if such were the evidence given upon the proceeding, it should be dismissed, or the finding of incompetency be set aside. Matter of Milchsack, 43 Misc. Rep. 586.

It is the duty of the court, if it presumptively appears

from the petition and proof accompanying it that the person proceeded against is a person incompetent to manage himself and his affairs, to order an investigation as to whether or not such incompetency exists. Matter of Beach, 23 App. Div. 419.

A petition and accompanying affidavits, in a proceeding for the appointment of a committee for the person and estate of an alleged incompetent, which alleged that the alleged incompetent is incompetent to manage himself and his affairs, and is of weak mind and easily worked upon by any persons who obtain a controlling influence over him, are sufficient under the statute (Code Civ. Pro. §§ 340, 2327) to call into exercise the jurisdiction of the County Court of the county in which the alleged incompetent resides, and to justify the inquiry through a commission. Matter of Clark, 175 N. Y. 139.

The petition here avers " that the said Mary A. Roberts is weak in mind and body, and is so far deprived of reason and understanding as to be unfit to care for herself or manage her affairs; that the said Mary A. Roberts is of the age of ninety-two years, and very decrepit; her eyesight has become impaired, and physically weak in mind and body, and her memory is not good, and she is very easily persuaded, and she is physically and mentally weak."

The petition, which is duly verified, is also accompanied with the affidavit of Seymour S. Kilburn, which substantiates the material allegations set forth in the petition.

The conclusion is, therefore, reached that it presumptively appears that a committee should be appointed of the person and estate of Mary A. Roberts; that the petitioner is entitled to an order for a commission to issue herein in due form of law.

Let a commission issue herein, as prescribed by section 2328 of the Code of Civil Procedure, to one or more fit persons designated in the order, to be agreed upon by the attorneys for the respective parties.

Ordered accordingly.