---

### In re FOX.

(Supreme Court, Appellate Division, Second Department. April 29, 1910.)

1. CONSTITUTIONAL LAW (§ 309*)—DUE PROCESS OF LAW—INSANE PERSONS—INQUISITIONS—NOTICE.

Though Code Civ. Proc. §§ 2323a, 2325, do not in terms require notice to an alleged incompetent of the proceedings for the appointment of a committee to take charge of his property, except where the incompetent is confined in a state institution, there must be such notice at some stage of the proceedings before the trial of the issue of incompetency may be had, since the court cannot otherwise acquire jurisdiction under the constitutional requirement of due notice before one can be deprived of his property by judicial process.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 929, 930; Dec. Dig. § 309.*]

2. INSANE PERSONS (§ 19*)—INQUISITIONS—POWER OF COURT.

In a proceeding for the appointment of a committee for an incompetent, the Special Term, before making an order directing a trial of the issue of incompetency by a jury, is not confined to the petition and affidavits presented by the petitioner, but should determine the question of presumptive incompetency from all the papers before it at the time of hearing, including facts urged against the application as well as facts in its favor.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 24, 27; Dec. Dig. § 19.*]

3. INSANE PERSONS (§ 19*)—INQUISITIONS—POWER OF COURT.

Where, in a proceeding for the appointment of a committee of an incompetent, the alleged incompetent was brought into court before the determination of the question of presumptive incompetency, but she was denied the opportunity of being fairly heard by the conduct of the petitioner in obtaining possession of the petition and accompanying affidavits served

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the alleged incompetent, refusing to deliver them to her attorney, and by interfering with and threatening the attorney attempting to consult with the alleged incompetent so as to prevent him from presenting the matter, the order directing a trial of the issue of incompetency before a jury, though not without jurisdiction, was irregular, and should be set aside and the matter remitted to give the alleged incompetent unrestricted opportunity to confer with her attorney to present her side of the controversy without interference.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 24, 27; Dec. Dig. § 19.*]

Appeal from Special Term, Kings County.

Proceedings by James J. Fox for the appointment of a committee for Mary Fox, an alleged incompetent person. From an order resettling an order for the submission of the issue of incompetency to the jury, Mary Fox and others appeal. Reversed, and matter remitted to Special Term.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, THOMAS, and CARR, JJ.

Frederick N. Van Zandt, for appellant Mary Fox.

Macdonald De Witt, for appellants Elizabeth Fox Vaden and Thomas Fox.

John D. Fearhake, for respondent James J. Fox.

CARR, J. This is an appeal from an order made at Special Term in Kings county, directing a trial of issues as to the alleged incompetency of one Mary Fox before a jury at a Trial Term of this court. The proceeding in which the order was made was instituted by the petitioner, James J. Fox, a son of the alleged incompetent, and notice of the application on the petition was given to the various next of kin of Mary Fox. On the return day thereof, and before proceeding with the hearing on the petition, the court directed that the petition and the accompanying affidavits be served upon the said Mary Fox, and adjourned the hearing until service thereof, with sufficient notice, upon her could be had. It appears that, in accordance with this direction, the petition and affidavits accompanying it were served upon Mary Fox, who is an old lady upwards of 75 years of age. Upon receiving the papers from a clerk of the petitioner's attorney, Mary Fox turned them over immediately to her son, James J. Fox, the petitioner, who happened to be present or came into the room about the time of the service of the papers. On the adjourned day of the hearing Mary Fox appeared through Mr. Van Zandt as her attorney, and he on her behalf objected to any hearing before the court on the petition and affidavits on two grounds: First, that there had never been any service of the papers upon Mary Fox; and, second, that the petitioner, James J. Fox, had refused to deliver over to the attorney for Mary Fox the papers which he had received from her at the time of the alleged service, and had furthermore interfered and so thwarted him on attempting to consult with his client Mary Fox as to prevent him from presenting her side of the matter properly before the court. The affidavit of Mr. Van Zandt in relation to the interference with him and

his client on the part of the petitioner, James J. Fox, is not contra-
dicted in its material aspects. The next of kin, who were served with
notice of the proceedings, presented affidavits tending to show that
Mary Fox was not incompetent, and that no necessity existed for the
appointment of a committee to take care of her personal property.
The court, however, proceeded to make an order upon the petition,
and its accompanying affidavits, directing a trial of the question of the
incompetency of Mary Fox before a jury at a trial term of this court.
While the provisions of the Code of Civil Procedure affecting pro-
ceedings of this nature (Code Civ. Proc. §§ 2323a, 2325) do not in
terms require notice of the proceedings to be given at any stage to the
alleged incompetent, except where the alleged incompetent is confined
in a state institution, it is nevertheless true that, without such notice
at some stage of the proceedings before the trial of the issue as to
the alleged incompetency, the court cannot acquire jurisdiction because
of the constitutional requirement of due notice before one can be de-
prived of his property by judicial process. Matter of Blewitt, 131 N.
Y. 541, 30 N. E. 587; Gridley v. College of St. Francis Xavier, 137
N. Y. 327, 33 N. E. 321.

Whether it be necessary to the jurisdiction of the court that this
notice be given when the proceeding is begun by the presenting of the
petition to the Special Term, or whether it be sufficient that it be given
before the trial of the issues directed by the Special Term, is not in-
volved in this appeal. It has, however, been declared in Gridley v.
College of St. Francis Xavier, ut supra, that notice of the institution of
the proceedings to the alleged incompetent was not necessary to the
jurisdiction of the court, if notice of the execution of the writ were
given at any time to the alleged incompetent before proceeding to try
the question of competency.

In the case at bar, notice of the proceeding was given to the alleged
incompetent under the direction of the court. The purpose to be
served by that notice appears, however, to have been thwarted by the
affirmative acts of the petitioner himself. Mary Fox was brought into
court, but the object of bringing her into court was hampered, if not
defeated, by the inexcusable interference of the petitioner with her
and her attorney, and the result was that, while she was represented in
court, she was so fettered by the acts of the petitioner himself as to
practically hamper, if not destroy, her rights in the initial stages of
the proceeding. The learned Special Term in making the order ap-
pealed from must have felt itself bound by the opinions in Matter of
Beach, 23 App. Div. 411, 48 N. Y. Supp. 437, and Matter of Milch-
sack, 43 Misc. Rep. 586, 89 N. Y. Supp. 524, where it was declared
that in a proceeding of this nature the court was bound to make an
order directing the trial of the question of incompetency wherever the
papers presented by the petitioner raise a presumption of incom-
petency, and that on the question of such presumption the matters set
forth in the affidavits in opposition to the application could not be en-
tertained.

It has been held, however, quite recently, in the Matter of Burke,
125 App. Div. 889, 110 N. Y. Supp. 1004, that, in a proceeding of this

kind, the court at Special Term is not confined simply to the matter set forth in the petition and in the affidavits presented on behalf of the petitioner, but should determine the question of presumptive incompetency from all the papers before it at the time of hearing the application, including facts urged against the application as well as facts stated in favor of it.

We are of opinion that the rule laid down in the Matter of Burke is the true rule, and should be applied here. This being the case, we have in the record before us a situation in which by positive direction of the court the alleged incompetent was brought into court before the determination of the question of presumptive incompetency, but having been brought into court was practically denied the opportunity of being fairly heard, which was in truth the cause of her being brought in at all. Under these circumstances, while the order of the Special Term was not without jurisdiction, it was yet irregular.

We are of opinion, therefore, that the order appealed from should be reversed, and the matter remitted to the Special Term for further action, in which care should be taken to see that the alleged incompetent has full and unrestricted opportunity to confer with her attorney, and to present her side of the controversy to the court without any interference from the petitioner or any one else.

Order appealed from reversed, with $10 costs and disbursements, and the matter remitted to the Special Term for further consideration in accordance with this opinion. All concur.