(173 App. Div. 737)

## In re LANGDON.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

1. INSANE PERSONS ⬅12—INQUISITION—FINDING.

On petition of the superintendent of the poor of a county, alleging that a named person was incompetent to manage herself or her affairs in consequence of lunacy, habitual drunkenness, or imbecility arising from old age, or loss of understanding, or other cause, without allegation that she was a lunatic, habitual drunkard, or imbecile, or of any fact from which the court might conclude that she was incompetent, where it appeared that she did not properly cultivate her village lot, that she had two married daughters, an income of $12 per month, and owned the place, valued

at $1,500, subject to a mortgage of $260, an order for an inquiry into her alleged incompetency was erroneous.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 20; Dec. Dig. ☞12.]

2. EVIDENCE ☞63—SANITY—PRESUMPTION.

The presumption is that a person is sane and competent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 83; Dec. Dig. ☞63.]

Appeal from Warren County Court.

In the matter of Julia Langdon, an alleged incompetent person. From an order directing an inquiry, Julia Langdon, the alleged incompetent, and her daughter, Lottie Ward, appeal. Order reversed, and proceeding dismissed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

James S. Kiley, of Glens Falls, for appellants.
Loyal L. Davis, of Glens Falls, for respondent.

PER CURIAM. [1, 2] Edward W. Griggs, superintendent of the poor of Warren county, for reasons which do not very fully appear, has moved the court for an order to inquire into the alleged incompetency of one Julia Langdon, and the court has granted such an order. The alleged incompetent, with her daughter, appeals from the order.

The petition alleges that:

"Julia Langdon is a person incompetent to manage herself or her affairs in consequence of lunacy, idiocy, habitual drunkenness, or imbecility arising from old age, or loss of memory and understanding, or other cause."

There is no allegation that she is a lunatic, idiot, habitual drunkard, or that she is imbecile arising from old age or loss of memory and understanding, nor is any fact given from which the court can properly draw the conclusion that Julia Langdon is incompetent, or that the petitioner, as superintendent. of the poor, has any call to make the petition. Mrs. Langdon appears to have two married daughters. There is no suggestion that she is, or that she may become, a public charge, and the mere fact that she does not properly cultivate her village lot, and that the same produces no income, aside from sheltering her, does not give the County Court jurisdiction to enter upon an inquiry as to her mental condition. She appears by the petition to have an income of $12 per month. She owns the home, and there is nothing to indicate that she is not able to keep it, except the possibility that a mortgage for $260, upon premises worth $1,500, may be foreclosed, though there is no suggestion that the interest is not kept up, or that there is any danger of such foreclosure. The presumption is, of course, that Mrs. Langdon is sane and competent, and, upon a petition which makes no allegation of fact on which the conclusion of incompetency may properly rest, we are of the opinion that the learned County Court erred in granting the prayer of the petition.

The order appealed from should be reversed, and the proceeding dismissed, with costs against Edward W. Griggs personally.