In the Matter of ANNA W. TOMPKINS, an Alleged Incompetent Person, Appellant.

FANNIE S. YOUNG, Petitioner, and JAMES S. YOUNG, Respondents.

Second Department, June 7, 1918.

**Incompetent persons — practice — proceeding for appointment of committee — preliminary examination of witnesses not authorized — right to trial by jury.**

On the return of an order to show cause in a proceeding for the appointment of a committee of an alleged lunatic the court should not order that the persons who have filed affidavits shall appear before him and be subject to examination and grant permission to interested parties to examine other witnesses, for the statute requires the issues in such proceeding to be tried before a sheriff's or petit jury and there is no authority for a preliminary trial.

On the petition and affidavits the court should determine whether a jury trial should be had.

APPEAL by Anna W. Tompkins from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 3d day of May, 1918.

*William L. Rumsey*, for the appellant.

*Frederick P. Close*, for the petitioner, respondent.

BLACKMAR, J.:

On the 18th day of March, 1918, a petition was filed pursuant to section 2323 of the Code of Civil Procedure by one Fannie S. Young, a niece of the alleged incompetent, praying that a commission issue to inquire into the alleged incompetency of the appellant. The petition was supported by the affidavit of one James S. Young, a brother of the petitioner, and alleged that the incompetency grew out of the infirmities of old age. Upon the petition and accompanying affidavit an order to show cause was made returnable on April 2, 1918, and it directed that notice thereof be given to the alleged incompetent and to six of her nephews and nieces. The petition was answered by the affidavits of the alleged incom-

petent and of fourteen others, including two physicians, traversing the allegations of the petition and showing matters strongly indicating that the petition was not made in good faith.

Upon the return of the order to show cause, the court ordered a hearing before him at which "the persons whose affidavits have been submitted to the court in this proceeding may be examined by either side with respect to the allegations set forth in the petition and in the affidavits filed herein, without prejudice, however, to any of the parties interested in this proceeding applying upon said hearing for permission to examine other witnesses." From this order the appeal is taken.

Without deciding whether it is competent for the court, upon the hearing of a motion, to order those who have deposed to the affidavits to appear before him for examination, we do not think that this is a case where an order such as that appealed from can be properly made. Upon such an application the province of the court is to decide, upon the petition and accompanying affidavits, which include the answering affidavits (*Matter of Burke*, 125 App. Div. 889), whether incompetency presumptively appears, and, if so, to direct that a commission issue on the question of competency or that the question be tried by a jury. The order as made practically requires a preliminary trial to determine whether a trial should be had. The Code (§ 2327 *et seq.*) provides for a trial of the issue of incompetency before a sheriff's or petit jury if incompetency presumptively appears, and the procedure should not be complicated or the real trial of the issue prejudiced by such a preliminary trial as the court has ordered. Neither should the order require, as does this, that the alleged incompetent be haled into court and examined to determine whether the inquiry into her competency, prescribed by the Code, should be had. The order practically requires the examination before trial of both parties and their witnesses upon the issue raised by the petition and answering affidavits. The provisions of the Code governing the appointment of a committee do not provide for or contemplate any such proceedings; and as the procedure is governed by statute, its provisions should be followed.

The order should be reversed, with ten dollars costs and disbursements; and as there is no competent evidence from which a finding that the appellant is presumptively incompetent can be made, the petition should be denied, with ten dollars costs.

JENKS, P. J., MILLS, PUTNAM and KELLY, JJ., concurred.

Order reversed, with ten dollars costs and disbursements; and as there is no competent evidence from which a finding that the appellant is presumptively incompetent can be made, the petition is denied, with ten dollars costs.