In the Matter of the Application of DENNIS J. McGUINNESS and Others, Petitioners, for an Order against JOHN H. DELANEY and Others, Constituting the Board of Transportation of the City of New York, and JOSEPH McGOLDRICK, Comptroller of the City of New York, and THE CITY OF NEW YORK, Respondents.

Supreme Court, Special Term, New York County, March 3, 1941.

*Robert H. Haskell*, for the petitioners.

*William C.. Chanler, Corporation Counsel [David F. DuVivier, Assistant Corporation Counsel, of counsel]*, for the respondents.

McCOOK, J.   Motion under article 78 of the Civil Practice Act, by nine former corporation inspectors and hydrant inspectors to direct the board of transportation to transfer them to positions in the civil service of the city of New York similar to those previously occupied by them, and to direct the comptroller to pay each of them a sum of money equal to the salary they would have received from May 30, 1940, is denied.   Petitioners claim that they were employed by the Brooklyn Manhattan Transit Company and that under section 2 of the Wicks Law (Laws of 1939, chap. 927) they are entitled to transfer into non-competitive class of the civil service   Defendants deny that petitioners were employees of the Brooklyn Manhattan Transit Company and that as a result of subway unification their function has ceased and there is no work which they perform or vacancies to which they can be appointed.

Petitioners received their checks from the transit corporation at the rate of five dollars per day for work performed.   The record, however, discloses that they were appointed by the commissioner

of the department of water supply, were subject to his control and removable by him at will. Neither social security nor workmen's compensation was carried by the transit corporation for these employees. In each month they worked from one to fifteen days.

None of the material facts are in dispute. The question is primarily one of law, viz., whether under the facts these petitioners are to be considered employees of the transit companies for the purpose of transfer under section 2 of the Wicks Law.

This precise question does not seem to have come up before, nor is the status of corporation inspectors under the law clear. On the conceded facts these petitioners were not considered by the transit company as though they were its employees. Regular employees were entitled to various benefits, for example, social security, workmen's compensation, etc. They were assigned to duties by the corporation and subject to inspection by its officers. These petitioners were appointed by and under the control of a commissioner of the city. They were, however, not paid by the city. Payment by the corporation to them was a condition prece dent to the obtaining of various permits by the transit corpora tions. Petitioners argue that the corporation counsel cannot take the position that they are not employees of the transit cor poration because in other matters he has contended that they are not city employees. They must, say they, be employed by either the one or the other.

The answer to this is two-fold: *First*, there is no provision of law which prevents the corporation counsel from changing his position, and, furthermore, each case must be decided on its own facts. The court on this application is only called upon to decide whether under the provisions of the Wicks Law petitioners were employees of the transit corporation. On the facts as presented I hold that they were not. Petition dismissed.