Maximilian Moss, S.
This is a discovery proceeding by petitioner as administratrix c. t. a., to recover from testator’s widow (a) the proceeds of a specified bank account, (b) the sale price of a parcel of realty which was allegedly received by her as testator’s agent and (c) the sum of $7,000 alleged to be money of decedent held by the widow.
The widow’s answer denied possession of the proceeds of the specified bank account. She alleged that testator opened another bank account in his name in trust for her and that the book therefor was delivered to and always remained in her possession. The latter allegation pleaded an irrevocable Totten trust (Matter of Totten, 179 N. Y. 112, 125, 126). The widow denied the receipt of the proceeds of the sale of the parcel of realty, but admitted the sale of the realty; and further denied possession of any of testator’s moneys.
Upon the trial of the issues before a Beferee, petitioner contended that the testator was incompetent to open a bank account or to transfer property, although petitioner’s pleadings were based upon the theory of agency. In respect of such pleadings, respondent contended that they aver a valid contract of agency between two persons of sound mind and that the issue of incompetency not raised in the pleadings is in diametric opposition to the pleaded issue of agency. Without an amendment of the pleadings, petitioner assumed the burden, throughout the trial, of proving incompetency, and in connection therewith introduced proof which established that testator lacked competency at the end of November, 1955. Petitioner’s psychiatrist however testified that he would not be able to say what testator’s competency was in September, 1955 or when the trust account was opened.
The proof establishes that testator opened Dime Savings Bank savings account No. 31464 in his name on September 27, 1955 by a deposit in the sum of $5,000. The pleadings allege, although no proof was offered with respect thereto, that on October 9, 1955 testator contracted to sell a parcel of realty, the deed of which was dated October 24, 1955, for the sum of *189 $3,093 which was paid. The proof shows that there was credited to the aforesaid bank account on October 25, 1955 the sum of $2,000, making a total of the two deposits of $7,000. On the latter date, testator changed the said account by placing it in trust for his wife who was then required to sign the account card, a practice which was employed by the bank.
Petitioner’s abandonment of her pleaded claim of agency and her adoption of another theory without prior notice to the respondent or leave of the court to conform the pleadings to the proof, would not justify the rendition of a judgment in her favor (cf. McCarthy v. Troberg, 275 App. Div. 139, 142; Lamphere v. Lang, 213 N. Y. 585, 588). Moreover, there is an absence of competent proof that testator lacked the mental capacity to make a gift in the form of the Totten trust account on October 25, 1955. While the testator may have been incompetent at the end of November, 1955, there is no evidence that he was incompetent in October, 1955. The burden of petitioner to establish the plea of testator’s incompetency was not sustained (Jones v. Jones, 137 N. Y. 610; Doheny v. Lacy, 168 N. Y. 213, 220; Piuntkosky v. Harrington’s Sons Co., 167 App. Div. 117; Broat v. Broat, 18 N. Y. S. 2d 709, 712; see, also, Matter of Chollar, 200 Misc. 948, 952; Matter of Bates, 152 Misc. 627, 628; Smaldone v. De Vivo, 278 App. Div. 616, 618; Matter of Langdon, 173 App. Div. 737; Matter of Jacobs, 2 A D 2d 774). The testator having died without revoking the trust, an absolute trust in the bank account was created in the beneficiary’s favor (Matter of Totten, 179 N. Y. 112, supra).
No proof was offered either with respect to the sale of the parcel of realty and the disposition of its proceeds, or to the further claim that the testator’s widow had in her possession over $7,000 belonging to the testator. The motion to confirm the Referee’s report is accordingly denied, and the cross motion to reject it and dismiss the petition is granted.
Settle decree on notice.