◼ In the Matter of ANNA STOLWORTHY, an Alleged Incompetent, Appellant. FRANCIS T. NICHOLS, Respondent.— In a proceeding to appoint a committee of the person and property of an alleged incompetent, said alleged incompetent appeals from an order of the County Court, Nassau County, entered August 17, 1962, which denied her motion to dismiss the petition and instead appointed a psychiatrist to examine her and to report to the court concerning her competency. Order reversed on the law and the facts, with $10 costs and disbursements; motion granted, and petition dismissed. The proof in this record does not raise the satisfactory presumption of incompetency nor the need for a committee which is essential to the issuance of a commission; hence, the petition must be dismissed (Rules Civ. Prac., rule 287). *Matter of Schermerhorn,* 277 App. Div. 845, affd. 302 N. Y. 660; *Matter of Burke,* 125 App. Div. 889; *Matter of Tompkins,* 183 App. Div. 474; *Matter of Langdon,* 173 App. Div. 737). The appointment of a psychiatrist to examine the alleged incompetent falls with the dismissal of the petition. In any event, the court could not require the alleged incompetent to be examined, preliminarily, to determine whether a commission should issue *(Matter of Tompkins, supra,* p. 475; *Matter of Silverman,* 256 App. Div. 1056; *Matter of Frank,* 250 App Div. 756; *Matter of Grau,* 205 App. Div. 893). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

◼ JEAN F. KATES et al., Appellants, v. YESHIVA UNIVERSITY et al., Respondents, and ABRAHAM LEVINGSON et al., Individually and as Executors of ISAAC LEVINGSON, Deceased, Appellants.— In an action by Jean Kates and Lester Levingson, two of the four children of the decedent, Isaac Levingson, to specifically enforce decedent's written agreement (dated March 17, 1953) to make a will, under which his children would be the residuary legatees, in which action the other two children, defendants Abraham Levingson and Edna G. Katz, individually and as decedent's executors, admitted the allegations in the complaint and asserted, as against the defendants Yeshiva University and the State Attorney-General, a cross complaint for the same relief as demanded in the complaint, the two plaintiff children and the two defendant children, individually and as executors, appeal jointly from a judgment of the Supreme Court, Kings County, entered January 29, 1962 upon the court's decision, after a nonjury trial before a Special Referee, which dismissed the complaint and cross complaint on the merits (32 Misc 2d 145). Judgment modified on the law and the facts: (a) by striking out its first decretal paragraph which dismissed the complaint as against all the defendants; (b) by substituting therefor a provision dismissing the complaint against all the defendants except the defendant Edna G. Katz, in her individual capacity; and (c) by adding a decretal paragraph granting to plaintiffs the relief sought by them as against the defendant Edna G. Katz individually, and declaring that the decedent's devise of the Dumont Avenue house to her is violative of his written agreement of March 17, 1953. As so modified, judgment affirmed, without costs. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the relief sought against defendant Edna G. Katz individually should have been granted in view of her admissions and her prayer for relief in her pleading. These were tantamount to a confession of judgment; and this is so even though she would have been entitled to dismissal of the complaint had she elected to contest the claim made against her. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.