Francis X. Tucker, S.
On the petition for judicial settlement of the accounts of Fred IJ. Du Bois, as administrator of mart i>, ukuart, deceased, objections have been filed on behalf of Patrick Nolan and Mary Nolan, and on behalf of Katherine Nolan McCrory. The items in dispute are a savings account in the Kingston Savings Bank and securities consisting of 20 shares of American Telephone and Telegraph Company (now 40 shares by virtue of a stock split) and 15 shares of General Foods Corporation. All of these items have been included as estate assets by the administrator.
With respect to the account in the Kingston Savings Bank, this account appears to be in the name of “ Mary D. Gruart *870 in trust for Patrick Nolan ”. It appears from the facts before this court that during the lifetime of Mary.D. Gruart this money was held in a joint account in the name of Mary D. Gruart and Katherine Nolan MeCrory. Prior to her death, Mary D. Gruart, who was in possession of the book, withdrew the fund and opened the account which is the subject of this proceeding. No proof has been produced to indicate the origin of the fund and Mary D. Gruart having retained possession and control of the book was entitled to withdraw the funds during her lifetime. The trust account which she established for Patrick Nolan passed to Patrick Nolan upon her death subject to possible claims for estate taxes and administration expenses. Apparently, no such claims have been or will be made as there are sufficient estate assets to pay such claims, therefore, this fund, together with all interest accrued thereon, belongs to -Patrick Nolan.
With respect to the shares of stock in the American Telephone and Telegraph Company and General Foods Corporation, the following facts appear:
The shares in both corporations were listed in the joint names of Mary D. Gruart and Katherine Nolan MeCrory. During the lifetime of both owners, Katherine Nolan MeCrory indorsed them in blank and the certificates were left in the possession of Mary D. Gruart. There is nothing in the record to indicate that any condition was attached to the assignment of the interest of Katherine Nolan MeCrory. Under the circumstances, Mary D. Gruart could have disposed of them in any fashion during her lifetime and, in fact, had undertaken by correspondence with the transfer agent to transfer them in trust for Patrick Nolan. She apparently became discouraged by the legal requirements to accomplish this end and was in the process of registering them in her own name at the time of her death. Under section 162 of the Personal Property Law, title to shares of stock may be transferred by delivery of the certificate indorsed either in blank or to a specific person, by the person appearing by the certificate to be the owner of the shares represented thereby. The possession of the certificates by Mary D. Gruart is presumptive evidence of the delivery by Katherine Nolan MeCrory and there is no dispute as to her having indorsed the certificate in blank.
On the authority of Matter of Szabo (10 N Y 2d 94), it is contended that the transfer was not effected. However, that case is purely distinguishable. In the Szabo case, the intent was that the transfer was not to take effect until the happening of an event, which did not occur before the death of the trans *871 feror. In the case before the court, the indorsement and delivery were unconditional. The mere fact that the transfer agents required the certification of the signatures does not affect the validity of the transfer.
The administrator has properly included the shares of the American Telephone and Telegraph Company and General Foods Corporation in the estate as assets of the estate and the transfer agents of said corporations are directed to transfer these shares in accordance with the request of the administrator as the order of this court shall direct in carrying out the distribution of the estate.