Wilfred A. Waltemade, J.
In this motion by the defendant, pursuant to CPLR 3211 (subd. [a], par. 8), to dismiss the complaint for lack of personal jurisdiction, a novel issue in the interpretation of the New York “long arm” statute, is presented which apparently has never been passed upon by the courts. The defendant is a resident of the State of Massachusetts, where he was served with process. Plaintiff contends that jurisdiction over defendant’s person was acquired by reason of alleged tortious acts committed by the defendant in this. State and by the transaction of business in this State by the defendant (CPLR 302, subd. [a], pars. 1, 2). The defendant urges that CPLR 302 is not applicable because the claimed tortious acts were perpetrated on persons other than the plaintiff, and that the alleged transactions of business were not had with the plaintiff but with the late father of the parties and the banks in which the father’s funds were deposited.
The complaint in this action between brothers is inartfully drawn and is framed in the form of a rambling narrative. Stripped of all unnecessary verbiage, the plaintiff alleges in substance that the defendant, by fraudulent and false representations made to the father of the parties herein, induced their father to transfer all of his bank accounts to the defendant, thereby depriving the plaintiff of his interest in one half -of the father’s funds which were on deposit in trust for the plaintiff. The father was induced to transfer his funds to the defendant for the purpose of obtaining admission to a home for the aged as a recipient of charity. Plaintiff alleges that as a further inducement for the transfer of the funds, the defendant falsely represented to their father that the moneys would be returned upon the father’s request and that, in the event of the father’s death, the funds would be divided equally between the plaintiff and the defendant, with the exception of two $1,000 trust funds for two grandchildren (plaintiff’s two daughters), all in accordance with the terms and provisions of the father’s last will and testament executed many years prior to the events alleged in the complaint. The complaint also alleges that after the death of the father, the defendant converted the funds to his own use *785 and further alleges that one half of the funds obtained by the defendant is held in trust for the plaintiff.
CPLR 302 (subd. [a], pars. 1, 2), vests the courts of this State with personal jurisdiction over any nondomiciliary who in person either transacts business within the State, or commits a tortious act within the State, relative to any cause of action arising from such transaction of business or tortious act.
The defect in defendant’s contention arises, not only from his failure to comprehend the nature of plaintiff’s cause of action, but also his misunderstanding of the provisions of CPLR- 302. Defendant improperly assumes that the plaintiff’s action is predicated solely on the fraudulent representations made to the private social agency that the father was indigent. The false statements made to the social agency were but one step in the alleged plan and scheme of the defendant to obtain possession of the father’s money to the exclusion of the plaintiff. The critical fraudulent statement made by the defendant, which is the foundation of plaintiff’s action, is the defendant’s representation to the father that, upon the father’s death, the money and funds entrusted to the defendant would be divided equally between the plaintiff and defendant, except for the two $1,000 trust funds, as expressed in the father’s last will and testament. This last will and testament (without codicils), which was admitted to probate in Bronx County, evidenced the father’s intent that both of his sons would share equally in his estate. The voice from the grave cannot be stilled.
The defendant induced the father to defraud the home for the aged which admitted the father as a charitable resident and simultaneously, as it now appears, he bilked the plaintiff as well. The defendant’s acts frustrated the accomplishment of the father’s will and intent to distribute his worldly possessions equally between his two sons.
CPLR 302 (subd. [a], par. 2) provides for jurisdiction over a nondomiciliary who “ commits a tortious act within the state ”. There are no words of limitation such as the defendant urges. On the contrary, the only requirement is that the plaintiff suffer damage or injury as a result of the tortious act. If the Legislature did intend to provide that the tortious act had to be committed directly against a plaintiff, simple descriptive language would have been employed to make such provision; But for the deliberate intervention of the defendant inducing the father to transfer all his bank funds to the defendant’s sole account, the plaintiff would have been entitled on the father’s death to one half of his funds as the named beneficiary on the accounts designated “in trust for ” the plaintiff (Matter of Gruart, 46 Misc 2d 869; Matter of Bryman, 14 Misc 2d 187).
*786 Since the court has determined that the tortious acts committed by the defendant, as alleged in the complaint, are within the ambit of CPLR 302 (subd. [a], par. 2), there is no necessity for the court to pass on the question of whether tlhe defendant “ transacted business ” within this State.
Accordingly, defendant’s motion is denied.