OPINION OF THE COURT
Howard E. Bell, J.
Chemical Bank and C. Simms Farr, longtime advisors of Martha C. Von Bulow, have petitioned the court for a determination that Ms. Von Bulow is incompetent, and for the appointment of petitioners as cocommittee of such of her property not already held in trust.[1] Claus Von Bulow, her husband, appearing for himself and their minor daughter, Cosima, opposes petitioners’ appointment on various grounds.
Ms. Von Bulow, who has been in a coma since December, 1980, is currently a patient at Columbia-Presbyterian Medical Center. In an affidavit submitted in support of the petition, Dr. Richard Stock, Ms. Von Bulow’s physician for *130 more than 25 years, states that he has attended her since she was admitted to Columbia-Presbyterian in January, 1981, and that he has concluded “with medical certainty that Mrs. Von Bulow is totally unable to care for her affairs in any way * * * She is now, and has been since December 1980, unconscious. She has no cognitive powers * * * Mrs. Von Bulow’s state of coma is not a matter of medical opinion. It is uncontrovertible fact. It is my opinion with reasonable medical certainty that she will not recover from her present condition.”
Petitioners have moved pursuant to CPLR 409 for a summary determination of the incompetency of Ms. Von Bulow, and for the appointment of petitioners as committee of her nontrust property. Respondents, who support the petition for the declaration of incompetency, and for the appointment of a committee, contend that genuine triable issues of fact exist concerning the suitability of petitioners for that appointment.
Manifestly, no decision on the motion for appointment of the committee can be made in advance of a declaration of incompetency, since it is that determination which confers upon the court jurisdiction over the custody of the alleged incompetent person’s property. (Mental Hygiene Law, § 78.01; Matter of Laridon, 176 Misc 540, 543.) The court must therefore decide whether a declaration of incompetency may be granted on summary judgment, where, as here, all parties concur. The court concludes it may not.
Subdivision (e) of section 78.03 of the Mental Hygiene Law provides that “[u]pon the return date of the petition, the matter shall proceed to a hearing, or if a triable issue or issues of fact be raised shall proceed to trial, as prescribed by [CPLR article 4].” (Emphasis added.) CPLR 409 (subd [b]) provides that “[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised.” It is clear that if the petition was insufficient to raise a triable issue of fact as to competency, it could be summarily dismissed (Matter of Javarone, 76 Misc 2d 20, affd 49 AD2d 788). However the court has not found, nor have the parties cited, any case in which a declaration of incompetency was summarily granted. *131 The determination of incompetency would seem most inappropriate for summary disposition. “This proceeding is one of utmost seriousness, involving, as it does, depriving one of the free and normal exercise and use of his personal conduct, liberty and property, and, in the very nature of things, great care should be taken to protect the alleged incompetent and to guard him against being deprived of such substantial and basic rights upon insufficient and unjustified grounds and to guard him against the schemes of designing individuals. Matter of Burke * * * [125 App Div 889] *** 891, 110 N.Y.S. 1004.” (Matter of Ginnel, 43 NYS2d 232, 235.)
Thus, the statute provides for jury trial on the issue of competency, which may be demanded by any party (Mental Hygiene Law, § 78.03, subd [e]). And the court’s determination must be made on the basis of competent medical evidence, and not on the conclusions of laymen.[2] (Matter of Lugo, 10 Misc 2d 576, revd on other grounds 8 AD2d 877, affd 7 NY2d 939; see, also, Matter of Laridon, supra.) The agreement of parties cannot absolve the court of its obligation to protect the alleged incompetent. “The application is not opposed, but the duty of this court is nonetheless to examine into the matter to ascertain” whether the petition should be granted. (Matter of Laridon, supra, at p 542.) Essentially, the court finds that the issue of competency is always a triable issue of fact if it appears presumptively from the petition that the person proceeded against is in fact incompetent. (18 Carmody-Wait 2d, NY Prac, § 109:27.)
It may be that this is an extreme case, one which might justify summary disposition if any case can. Yet the court is mindful that, in the average incompetency proceeding, the alleged incompetent is not, as here, a person in an apparently permanent vegetative state. Rather, the subject of such proceeding is commonly merely aged or eccentric, and the issue of competency is not clear. This court is *132 reluctant to approve a procedure for summary declaration of incompetency which could engender collusion and the schemes warned of in Ginnel (supra). Balanced against the potential for abuse, the expenditure of time and money caused here by a rule requiring a hearing in all cases seems minimal.
The parties will therefore present to the court live medical testimony on the issue of Ms. Von Bulow’s competence at a hearing to be scheduled.[3]

. Ms. Von Bulow is the beneficiary of a trust established by her father who died in 1934. The income from the trust is the property of a trust established for herself by Ms. Von Bulow in 1952. The 1952 trust accounts for 90% of Ms. Von Bulow’s assets; however, her “nontrust” property has been valued in excess of $5 million. (Report of Bernard H. Jackson, guardian ad litem, filed March 23, 1983, at pp 3-4.)

. Although an affidavit setting out Ms. Von Bulow’s physician’s conclusions on the question of her competency was attached to the petition, this only served to make it “presumptively appear, to the satisfaction of the court” that Ms. Von Bulow is incompetent and that a committee should be appointed. (Matter of Schermerhorn, 277 App Div 845, affd 302 NY 660.) This, however, merely prevents summary dismissal of the petition. (18 Carmody-Wait 2d, NY Prac, § 109:27.) It cannot be the sole basis for a determination of incompetency.

. The guardian ad litem, having been appointed to the Bench, has been obliged to withdraw. Manifestly, no hearing or further proceedings may take place until a new guardian has been appointed and given an opportunity to familiarize himself or herself with the circumstances of this case. A request for an expedited appointment has been sent to the Appellate Division, and the court will schedule the hearing herein ordered, in consultation with the parties, after the new guardian has been appointed.