In the Matter of the Application for the Appointment of a
Committee for the Person and Property of ANNIE V. R.
WELLS, an Alleged Incompetent Person.

ANNIE V. R. WELLS and GERTRUDE BARONESS DE GRAFFEN-
RIED, Appellants; SCHUYLER HAMILTON, Respondent.

Second Department, March, 16, 1917.

**Incompetent person — proceeding for appointment of committee for
alleged incompetent — petition denied.**

Although an aged woman may be found incompetent within the purview
of section 2320 of the Code of Civil Procedure, the appointment of a
committee of her person and property is not justified if her present
situation and surroundings assure to her security of fortune, health of
body, and happiness of mind.

Proceeding for the appointment of a committee of the person and prop-
erty of an aged woman of considerable wealth, brought by a grandson
who had no legal interest in her estate, his mother being the apparent
sole heir and next of kin.  Evidence examined, and *held*, that as no
waste or dissipation of the estate was shown and as the property of the
alleged incompetent is being properly devoted to her care and main-
tenance by her relatives, the petition should be denied.

APPEAL by Annie V. R. Wells and another from an order of
the Supreme Court, made at the Rockland Special Term and
entered in the office of the clerk of the county of Westchester
on the 16th day of December, 1916, granting the application
herein.

*Lauren Carroll*, for the appellants.

*Arthur I. Strang*, for the respondent.

JENKS, P. J.:

This gentlewoman, past 94 years of age, is possessed of a con-
siderable estate.  She lives in her own house, of which her
daughter, the Baroness de Graffenried, is an inmate.  She is
cared for by her, and is ministered to by old and apparently
faithful servants.  Her establishment is appropriate to her
fortune and her station in life.  The indications are that she
lives in comfort and in happiness, and that her person and her
property are safeguarded.  Doubtless she is somewhat dis-
abled by infirmities incident to great age, but there are no

other indications of disability that show her condition is equivalent to that of lunacy. (See *Matter of Clark*, 175 N. Y. 142.) But even if she could be found incompetent within the purview of the statute (Code Civ. Proc. § 2320), the appointment of a committee would not be right if her present situation and its surroundings assured to her security of fortune, health of body and happiness of mind. (*Matter of Burke*, 125 App. Div. 889; appeal dismissed, 194 N. Y. 541; *Matter of Vail*, 137 App. Div. 220, 224; appeal dismissed, 199 N. Y. 560.) Why should she be deprived of liberty and of property unless such loss were essential to her welfare ?

The petitioner is a grandson who stands alone. He is opposed in his course by those as near to this aged lady as is he, and by his own mother, Madame de Graffenried. He has no legal interest in the estate of his grandmother, while his mother is the apparent sole heir at law and next of kin. He is somewhat estranged from his family. He asserts that his motive is his desire that the income of this aged lady should be expended upon her maintenance and that her estate should not be wasted. But it seems to us that the house as maintained for her and by her may require properly all of her income, and that it may have been necessary to eke out income from principal. But such expenditure is of her own fortune, not of his, or of any other's money. Could there be a better or a more rightful use ?

There is neither waste nor dissipation of the estate shown. The estate has been and is administered under the eye of the apparent heir at law and next of kin, by a lawyer and by a man of business, of whom both make satisfactory showing of stewardship. The mortgages that are said to indicate improvidence were made incidental to the need of real estate, of which a part seems to have required improvement.

We think that the order should be reversed, with ten dollars costs and disbursements, and the petition denied, with ten dollars costs.

STAPLETON, MILLS, RICH and BLACKMAR, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and petition denied, with ten dollars costs.