In the Matter of the Application for the Appointment of a Committee of the Person and Property of AMELIA M. BROWN, an Alleged Incompetent Person.

Supreme Court, New York Special Term, August, 1922.

**Incompetent person — when petition for appointment of committee of aged woman will be dismissed — residence with grandchildren assuring her of security and comfort — senile dementia not sufficient cause for granting petition — execution of power of attorney to bank.**

Senile dementia does not always amount to imbecility and even if it did the appointment of a committee of the person and property is not justified if the present situation and surroundings of the alleged incompetent assure to her security of fortune, health of body and happiness of mind.

A woman about eighty-eight years of age possessed of considerable personal property sold her house and has since resided with her grandson and granddaughters. She is cared for by them and by physicians and trained nurses and is ministered to by a domestic servant of thirty years' employment. Upon an application for the appointment of a committee of the person and property of the alleged incompetent and for a commission to inquire into her mental condition the petition alleged that she had recently executed a writing making the bank with which she had dealt for twenty-five years, her attorney in fact and that it executed its functions under an agreement with the counsel of the alleged incompetent by

which he checks up and approves all bills, but there was no suggestion of waste or destruction or any apparent prospect of such and the competency of the incompetent to execute the power of attorney was not attacked. *Held*, that in the circumstances it would be a hard and unnecessary meddling by the court in affairs that are perfectly capable of being satisfactorily handled in and by the family without annoyance to grant the petition and it will be dismissed.

PETITION for appointment of a commission.

*Robert H. Koehler*, for petitioner.

*Solinger & Solinger*, for Amelia M. Brown and others, respondents.

GANNON, J. This is a petition for the appointment of a commission to inquire into the mental capacity of Amelia M. Brown, and it prays that the jurisdiction of the court be exercised through a committee to care for her property and person. This lady, who is about eighty-eight years of age, is possessed of considerable personal property, and since she sold her home she resides with her grandson and granddaughters. She is cared for by them and by physicians and trained nurses, and she also has the comfort and ministration of a domestic servant whose faithfulness is indicated by approximately thirty years' employment. This term of service, with the additional significant fact that she has been represented by the same counsel and has dealt with the same bank for more than a quarter of a century, indicates the stability of the character of this gentlewoman and of her family. The petitioner alleges that in the latter part of April of this year Mrs. Brown executed a power of attorney appointing her banking institution her attorney in fact, and that it exercises its functions under an agreement with him, by which he checks up and approves the bills. There is no suggestion of waste or destruction, nor any apparent prospect of such. Petitioner relies upon the opinions of two physicians that Mrs. Brown is now and for some time past has been suffering from senile dementia. How long " some time past " refers to is not revealed, but the competency of Mrs. Brown to execute an instrument by which her affairs are handled by the bank within a few months is not attacked. The statute states that jurisdiction of the Supreme Court may be invoked in cases of lunacy, idiocy, habitual drunkenness or imbecility so marked that a person is incompetent to manage himself or his affairs. I think that the petition must be denied. I suppose that any one disabled by the infirmities incident to great age would appear to the expert mind to be in some degree of senile dementia, but I do not think that senile dementia always amounts to imbecility. But, even if it could, the appointment of a committee would not be right if her present situation and surroundings

assure to her security of fortune, health of body and happiness of mind. *Matter of Wells,* 177 App. Div. 100. A serious responsibility is cast upon the court in this application to determine whether a person should be deprived of her liberty as well as of the control of her property. While I consider that the petition itself is deficient, I have also taken into account the affidavits submitted in opposition, and I conclude that to issue a commission in the circumstances so disclosed would be a harsh and unnecessary meddling by the court in affairs that are perfectly capable of being satisfactorily handled in and by the family without the annoyance and embarrassment that would result if this proceeding were continued. Petition is dismissed.

Ordered accordingly.